JOSEPHINE E. WEST

*v.*

ADOLPH KREBAUM.

1.  HOMESTEAD—*release in deed, alone, not sufficient.* A formal release of a homestead right in a deed of trust will not suffice, under our statute, without the acknowledgment of the deed.

2.  SAME—*conclusive effect of decree as to its release.* A decree of foreclosure finding that the mortgage or deed of trust was properly acknowledged, and duly and legally released the parties' right of homestead in the premises, under allegations admitting proof of such fact, is conclusive on the defendants in all collateral proceedings.

3.  ACKNOWLEDGMENT—*of deed before grantee.* It seems that a certificate of acknowledgment of a deed or mortgage made by the grantee or mortgagee is void.

4.  PLEADING AND PROOF—*sufficiency of allegation to admit proof.* An allegation, in a bill to foreclose a deed of trust, that by the deed the premises were conveyed to the grantee, is equivalent to an averment that the homestead therein was released, and will authorize the court to find such fact, in its decree, from the evidence.

5.  DECREE—*whether for sale of homestead.* An order to sell all one's interest in land, or an averment that he has conveyed all his interest in certain land, will include his homestead right, if he has any. The statute requiring that a deed shall contain an express release of the homestead, relates to the evidence, and does not extend to affect the allegation in the pleadings and findings of the court.

6.  ADMINISTRATOR—*form of allowing claim.* An order allowing a claim against an estate is not rendered bad because entitled against the estate, instead of against the administrator of the decedent, where the administrator is shown to have appeared in the case.

7. EXECUTION—*form.* An execution from the county court which, after reciting the judgment against an estate, commands the sheriff, upon redemption of land from a prior foreclosure sale, "you cause to be made the sum of," etc., instead of commanding him to levy upon and sell the premises sought to be redeemed, and which does not direct the sheriff out of what or whose property to make the money, is not fatally defective. An authority to make the money generally, without limitation, may include a particular mode.

8. REDEMPTION—*by judgment creditor.* A judgment debtor can not challenge a redemption made by a judgment creditor. Whether the latter or former purchaser takes the title, is a question between them alone.

APPEAL from the Circuit Court of Mason county; the Hon. LYMAN LACEY, Judge, presiding.

This was a suit of forcible detainer, wherein the plaintiff, Adolph Krebaum, recovered, and the defendant, Josephine E. West, appealed.

The facts are as follows: On October 1, 1872, Benjamin F. West and Josephine West, his wife, the appellant, executed a trust deed upon the premises in controversy, being their homestead, to one John J. Fletcher, who, being a justice of the peace, took and certified its acknowledgment himself. The trust deed contained an express release of the homestead right, and the certificate of acknowledgment stated that appellant acknowledged her relinquishment of all homestead right. Benjamin F. West died September 17, 1873. The note, to secure the payment of which the trust deed was given, having matured, Fletcher, at the October term, 1874, of the Mason circuit court, filed a bill in equity to foreclose the trust deed, making appellant, Josephine E. West, the widow of Benjamin F. West, Fannie West, his only child and heir at law, and his administrator, parties; and on the 17th day of November, 1874, a decree of foreclosure was entered upon the default of the widow and administrator, and upon report of the guardian *ad litem* for the child. On January 20, 1875, the premises were sold under the decree by the master in chancery, without reference to any homestead right therein, and struck off to the said John J. Fletcher at the sum of $982.68. On September 17, 1875, the county court of Mason county allowed a claim

against the estate of West in favor of one Francis Low, and on April 29, 1876, a special execution was issued on that claim, under section 27, page 625, Rev. Stat. 1874, and was placed in the hands of the sheriff, to whom was paid the money necessary to redeem from the sale to Fletcher, and the sheriff levied the execution upon the premises in controversy, and on May —, 1876, sold them at sheriff's sale to Low for the amount of the redemption money ($1123.50), and at once executed a sheriff's deed to him, who then made a quitclaim deed of the premises to appellee, Adolph Krebaum, for the expressed consideration of $1400.

The decree of foreclosure, after reciting that the defendants had been duly served with process, the taking of the bill for confessed and the coming on of the cause for final hearing upon the master's report, and the testimony of witnesses in open court, finds "that said trust deed or mortgage was legally and properly acknowledged, and all right of dower, and rights and advantages under and by virtue of the homestead laws of this State, were duly and legally relinquished," and orders the sale of the premises, and "all the right and interest of the respondents therein." The bill of foreclosure does not in any way expressly mention the homestead interest, and the only express mention thereof, in the whole foreclosure proceeding and papers, is in the decree as above, and in the trust deed and the certificate of acknowledgment.

The allegation of the bill as to the making of the trust deed is, that "Benjamin F. West and his wife, Josephine E. West, made, executed, duly acknowledged and delivered to your orator a certain indenture, commonly called a trust deed, or sale mortgage, the date of which is October 1, 1872, and was duly recorded in the recorder's office of said Mason county, in volume 'M' of trust deeds, on page 61, to the record of which your orator prays leave to refer for greater certainty, by which said indenture was conveyed to your orator the following described real estate," (describing it).

Mr. S. C. CONWELL, and Mr. JOHN W. PITMAN, for the appellant.

Mr. C. B. KETCHAM, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The only questions which are raised here are, as to the sufficiency of the trust deed, and foreclosure proceedings with appellee's deed to pass to him the right of possession of the premises as against the homestead right, which is set up. Appellant claims that the homestead right has not been released or extinguished.

Although the trust deed contains a formal release of the homestead right, that will not suffice, under our statute, without the acknowledgment of the deed; and it is alleged, against the release here, that the deed was not acknowledged—that the grantee in the deed, himself, John J. Fletcher, took and certified the acknowledgment, and that such an acknowledgment is void. *Hammers* v. *Dole*, 61 Ill. 307; *Groesbeck* v. *Seeley*, 13 Mich. 329; *Withers* v. *Baird*, 7 Watts, 227; *Wilson* v. *Traer & Co.* 20 Iowa, 231; and see 2 Sandf. Ch. 630, *Goodhue* v. *Berrien.*

Appellee contends, that, though this may be so, the finding in the decree of foreclosure, upon proofs taken, that the trust deed was legally and properly acknowledged, and that the homestead right was duly and legally relinquished, is an adjudication of court upon the question, which must be held as conclusive in this collateral proceeding. All the answer which is made to this view is, that the bill of foreclosure did not contain any allegation that the homestead had been released; that the bill did not bring the homestead interest before the court as a subject for adjudication, and hence, that the aforesaid finding in the decree was without effect; and that the decree did not profess to bar or extinguish the right of homestead.

There was no specific allegation in the bill of the release of the homestead, but there was a general allegation, sufficiently

comprehensive to include that, and to admit proof of the release. The bill alleges that by the trust deed the premises were conveyed to the grantee. How could that be, unless the homestead was released? And how could the allegation consist with any interest remaining in the grantors? If there was not a release of the homestead, the premises would not be conveyed, but only partly conveyed. Does not the averment, that by the deed the premises were conveyed, import that all the premises were conveyed,—the whole interest of the grantors in them? And to satisfy such an allegation, must there not be produced a deed with the release of the homestead? A deed without such release would not convey the premises; it would only purport to convey them, and would, in fact, convey only a part of them, viz: all interest in them, over and above the homestead interest.

A contract by the owner of land, wherein was a homestead right, to convey the same for a certain price to be paid, would not be fulfilled by the tender of a deed without the release of the homestead right; and on tender of such a deed, a court would not compel the vendee to pay the price agreed, because such a deed would not convey the land; it would convey only a partial interest in it.

It is said that as a deed, in ordinary form, without express release of the homestead, will not pass the premises freed from the homestead right, neither should a decree of foreclosure be held to do so, where it does not expressly mention the homestead right as to be sold, and the bill of foreclosure does not expressly. aver that the right of homestead was released. But that does not follow. The difference is between averment and proof. An order to sell all one's interest in land, or an averment that one has conveyed all his interest in certain land, may include within its terms his homestead interest, if he had any, because that would be a part of his interest; but, as matter of proof of the averment of the conveyance of all one's interest in land, the production of a deed of the land, purporting to convey the same, or all the grantor's interest therein, would not make

proof of such averment, where the homestead is concerned, because the statute, as construed, has prescribed that it shall not, but to do so, the deed must contain a formal release of the homestead. But this statutory provision does not extend to affect allegations which may be made on the subject.

The only defect in the trust deed, as a release of the homestead, insisted upon, is, the insufficient acknowledgment. But the bill expressly avers that the deed was duly acknowledged, and the decree finds that it was, and that the homestead right was duly and legally relinquished. We think the allegations in the bill of foreclosure were comprehensive enough to admit proof to show that the grantors in the trust deed conveyed the premises—that they executed and acknowledged a deed which was effective to convey all their interest in the land, homestead as well as other. We think the court had jurisdiction upon the subject, and that its finding must be taken, in a collateral proceeding, as a conclusive determination that the homestead right was released. Under such a finding, a decree of the sale of the premises, and of all the right and interest of the defendants in them, must be held to include the homestead interest.

There are some minor objections taken to the regularity of the redemption by Low from the foreclosure sale; that the order of allowance of his claim in the county court is entitled against the estate of Benjamin F. West, deceased, instead of against James W. Boggs, administrator of the estate; that the order of allowance is not in the ordinary form of a judgment in a court of record for the recovery of money, and that there was no jurisdiction of the person of the administrator. There is no force in these objections; the record of the county court shows the appearance of the administrator.

It is further objected, that the special execution on the claim allowed in the county court was fatally defective, in that, after reciting the judgment of Low against the estate of West, it then commands the sheriff that, upon redemption of the premises from the foreclosure sale, "you cause to be made

the sum of," etc., instead of commanding him "to levy upon and sell the premises so sought to be redeemed," as provided in section 27, page 625, Rev. Stat. 1874; and that it does not direct him out of what, or of whose property, he shall make the money. The sheriff's duty, what to do, in such case, is prescribed by the statute, and there is no pretense that he did not follow it in every respect. The authority given by the execution to make the money generally, without limitation as to mode, included the power to make it in the mode pursued. Besides, as held in *Blair* v. *Chamblin*, 39 Ill. 521, the judgment debtor can not challenge such redemption; the question is one, only, between the redeeming judgment creditor and the purchaser whose purchase is redeemed from; the rights of the judgment debtor are gone by his failure to redeem within the year allowed to him for redemption, and whether the sheriff conveys to the first purchaser or to the redeeming creditor, is a matter in nowise affecting the judgment debtor.

We are of opinion the judgment should be affirmed.

*Judgment affirmed.*