JOHN C. GOLTRA

*v.*

DECONDRAY C. GREEN *et al.*

*Filed at Springfield March 21, 1881.*

1. CHANCERY—*ill to foreclose—sufficiency of, as to release of homestead.* Where a bill to foreclose a mortgage alleges that the mortgagor and his wife,

being seized in fee simple of the premises, conveyed them to complainant in fee simple, subject to a condition of defeasance, etc., this will be equivalent to an averment that the homestead of the mortgagors was released, and a decree finding the allegations of the bill to be true amounts to a finding that the mortgagors released their homestead right.

2. HOMESTEAD—*may be set up in answer when bill is silent.* Although a bill to foreclose a mortgage is silent in regard to the homestead of the mortgagors, or the release of the same, if the answer sets up a homestead right and a failure to release the same by the mortgage, this will authorize the court to consider and determine evidence bearing upon that question, and if the court finds for the complainant and orders a sale of all the mortgagors' interest in the premises, and bars the mortgagors from all equity of redemption, and interest in the premises, this will be an adjudication against the defence of homestead, and will be conclusive on the parties until reversed in some direct proceeding.

3. FORMER ADJUDICATION—*of homestead right, on bill to foreclose, is conclusive in all collateral proceedings.* On a bill to foreclose a mortgage, in which it was alleged that the mortgagors conveyed the premises, in fee simple, to the complainant, subject to a condition of defeasance, the defendants answered setting up a homestead in the premises at the time of the execution of the mortgage, and its continuance, and that it had never been released, etc. The court, in its decree, found for complainant, and ordered a sale of all the defendants' interest in the land, and barred their equity of redemption as to the same: *Held,* that the decree was conclusive against the right of the defendants to a homestead in the mortgaged premises, until reversed, and precluded them from setting up such defence in ejectment brought by the purchaser under the decree of foreclosure, or by his grantee.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. BROWN, KIRBY & RUSSELL, for the appellant:

The proof showed a perfect chain of title in the appellant, and there is nothing in the record to avoid its force, unless it be that the circuit court erred in the foreclosure suit against Green, in denying him a homestead, and unless that error can now be asserted against an innocent purchaser for value, holding under that foreclosure.

Even conceding there was error in that proceeding, yet, it not going to the jurisdiction of the court, it can not affect

the title of an innocent purchaser claiming under the decree of sale. *Wadhams* v. *Gay*, 73 Ill. 415.

Even the reversal of a decree or judgment for error not affecting the jurisdiction will not affect the title of an innocent purchaser under the same before reversal. *McJilton* v. *Love*, 13 Ill. 494; *McLagan* v. *Brown*, 11 id. 519; *Goudy* v. *Hall*, 36 id. 319; *Feaster* v. *Fleming*, 56 id. 457; *Simms* v. *Slocum*, 3 Cranch, 300; *Voorhees* v. *Bank of the United States*, 10 Pet. 475; *Gray* v. *Brignardello*, 1 Wall. 634; *Homer* v. *Zimmerman*, 45 Ill. 14; *Guiteau* v. *Wisely*, 47 id. 433.

The principle of *res adjudicata* is so comprehensive as that not only are the parties and their privies estopped from again litigating that which has been adjudicated in prior proceedings, but they are thereby estopped from litigating or asserting that which they might and ought to have litigated in particular proceedings. That is, even if Green had not asserted and litigated his right to a homestead in the foreclosure case, since he had the opportunity so to do, and that was the appropriate time and occasion, the question now raised being within the legitimate sphere of that case, it would be considered as *res adjudicata*. Bigelow on Estoppel, 146; *Hamilton* v. *Quimby*, 46 Ill. 90; *Wright* v. *Dunning*, id. 271; *Loyd* v. *Lee*, 45 id. 277; *Kelly* v. *Donlin*, 70 id. 378; *Rogers* v. *Higgins*, 57 id. 244; *Dickson* v. *Todd*, 27 id. 504; *Campbell* v. *Rankin*, 99 U. S. 261.

Mr. JAMES T. McMILLAN, and Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for the appellees:

In behalf of appellees, we say the greater part of the brief of counsel for appellant states propositions of law which we do not controvert; but we insist they are not applicable, and do not govern in this case.

The circuit court, in rendering the judgment complained of, was doubtless governed by the opinion of this court in the case of *Asher* v. *Mitchell*, 92 Ill. 480, which case appellant's counsel seem to have overlooked.

The question in the case is, what was put in issue in the foreclosure suit of *Goltra* v. *Green et ux.,* and what did the court decide? We insist the pleadings in that case did not put in issue the question of fact whether Green had, or ever had, a homestead estate in the premises, nor did the decree rendered adjudge that question. It says not one word on the homestead question; simply finds the sum due on the note secured by the mortgage, and orders a redeemable sale of the premises. This was not sufficient to make the homestead right in and to the premises *res adjudicata.* It is manifest from the record in the foreclosure suit, that the question presented, and the only one decided, was as to the sufficiency of the certificate of acknowledgment of the mortgage as a release or waiver of the homestead right.

Unless an issue on the question of homestead was presented and decided, Green was not bound by the decree, but he could legally remain in possession as he did, and resist a suit at law for possession. *West* v. *Krebaum,* 88 Ill. 263; *Trustees of Schools* v. *Hooley,* 94 id. 394; *Asher* v. *Mitchell,* 92 id. 480; *Yeates* v. *Briggs,* 95 id. 79.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of ejectment, brought by John C. Goltra against DeCondray C. Green and William Ferguson, to recover the possession of certain real estate in the county of Morgan, on the trial of which judgment was rendered for the defendants, and plaintiff appealed. The plaintiff claims title under a sale of the property by virtue of a decree of foreclosure, wherein John W. Goltra was complainant, and DeCondray Green and Sarah E. Green his wife, were defendants. The defendant Green claims a homestead estate in the premises, and Ferguson is a mere tenant of Green. It appears, that on the 10th day of January, 1877, Green was indebted to John W. Goltra in the sum of $4000, and to secure the payment, he gave a note due in one year, and a

mortgage on the property in controversy, which was executed by himself and wife.

The note not having been paid at maturity, John W. Goltra filed a bill to foreclose the mortgage, in which Green and his wife were made parties. It was alleged in the bill that DeCondray Green, and Sarah E. Green, his wife, being seized in fee simple of the premises described in the declaration, conveyed the same to complainant in fee simple, subject to a condition of defeasance, etc.

The defendants, in their answer, admit that they executed a mortgage to John W. Goltra, on the date mentioned, on the premises described in the bill, but did not convey the premises in fee simple, as alleged. It is then set up in the answer that at the time the mortgage was executed, defendant Green was occupying the premises with his family as his homestead, and he and his family still reside upon and occupy the premises as their homestead. That in and by the mortgage the defendant Green did not waive or release his right of homestead under the homestead laws of Illinois.

That the mortgage debt is for borrowed money, and not for the purchase money. The defendant also filed a cross-bill, in which substantially the same facts were alleged as set up in the answer. A replication was filed to the answer, and an answer to the cross-bill, and the court on the hearing found that the allegations of the bill were true and that the equities of the case were with complainant. The amount due complainant was ordered paid within a certain time, and in default of payment the premises were decreed to be sold. It was further decreed that the defendants, and all persons holding under them since the commencement of the suit, be forever barred and foreclosed from all equity of redemption and claim of, in and to the mortgaged premises. Under this decree the premises were sold to the mortgagee, complainant in the bill, and upon the expiration of fifteen months allowed for redemption, no redemption having been made, he obtained a master's deed. He then sold and conveyed the

premises to John C. Goltra, who brought the present action to recover the possession of the property. On behalf of the defendant it is contended that the pleadings in the foreclosure case did not put in issue the question of fact whether Green had or ever had a homestead estate in the premises, nor did the decree rendered adjudge that question. On the other hand it is insisted by the plaintiff that the question of Green's homestead right in the premises was *res adjudicata,* and, however so erroneously decided, it was nevertheless binding upon him, and his remedy was by appeal or writ of error to reverse the decree if there was error, but that such error could not be asserted in this action against an innocent purchaser for value.

If the estate of homestead was one of the issues presented by the pleadings in the foreclosure case, and was passed upon by the court, the decree thus rendered by the court is conclusive upon the Greens, who were parties to the chancery proceedings, so long as it remains unreversed, and that, too, regardless of the fact whether the decision was right or erroneous.

The court had jurisdiction of the parties, and the subject matter of the litigation, and the correctness of the decree can not be called in question in a collateral proceeding like the present action.

It is true, the bill does not, in terms, contain averments which would put in issue the question of defendant's homestead, but the bill contained a general allegation which was broad enough and sufficiently comprehensive to present that question.

The bill alleges that DeCondray Green, and Sarah E. Green, his wife, being seized in fee simple of the premises, conveyed the same to complainant in fee simple, subject to a condition of defeasance, etc. A conveyance in fee simple passes the entire estate held at the time the deed is executed by the grantors in the premises conveyed, which would of course include a homestead. In other words, the aver-

ment in the bill is equivalent to an averment that the homestead was released. *West* v. *Krebaum*, 88 Ill. 263.

But had the bill been silent in regard to the homestead, the answer of the defendants clearly presented an issue of that character for the determination of the court under the evidence bearing upon the question.

The answer, in express terms, declared that the defendant, at the time the mortgage was executed, was occupying the premises, with his family, as a homestead, and that he and his family still continue to occupy the premises as their homestead; that the homestead was not released in the mortgage. Under this answer there can be no doubt in regard to the fact that the pleadings in the foreclosure case presented the identical question which the defendants are relying upon here to defeat the action of ejectment, namely, that the premises are defendants' homestead, and were so occupied when the mortgage was executed, and the homestead was not released in the manner provided by law.

It is, however, contended that the decree rendered in the foreclosure case, did not adjudge or determine the homestead question. It will be remembered that it was alleged in the bill that the premises were conveyed to the complainant in fee simple, which, as we have before seen, would include a release of the homestead. The decree finds the allegations of the bill to be true. That being the case, it follows that the court from the evidence found that the defendants had conveyed their homestead right in the premises to the complainant in the bill.

Again, that provision of the decree which directs that the premises be sold and that the Greens shall be barred, foreclosed, and cut off from all equity of redemption and interest in the premises, is comprehensive enough to include all homestead rights which the Greens had in the premises. As was said in *West* v. *Krebaum*, *supra* : "An order to sell all one's interest in land, or an averment that one has conveyed all his interest in certain land, may include within its terms his home-

stead interest, if he have any, because that would be a part of his interest." We are of opinion the decree was broad enough to include, and did include, all right, title and interest held by the Greens in the premises, and they are concluded by the decree. If the decree was erroneous, the only remedy in the hands of the Greens was to appeal or sue out a writ of error. They can not, in an action of ejectment, where the decree is called in question collaterally, avail of an error; but on the other hand, where the court has jurisdiction of the parties and the subject matter, its decree must be held conclusive until reversed on appeal or writ of error.

The judgment of the circuit court will be reversed and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE SCOTT: I do not concur in this opinion.