JOHN FREDERICK KEHM

*v.*

MARIAN MOTT *et al.*

| 187 | 519 |
| 203 | 188 |

| 187 | 519 |
| 211 | 507 |
| 111a | 197 |

*Opinion filed October 19, 1900.*

PLEADINGS—*effect, on foreclosure, of general denial that defendant has some interest in property.* A general allegation in a foreclosure bill that a defendant, not a party to the mortgage, claims some interest in or lien on the premises which is inferior to the mortgage, puts such defendant under the duty of setting up such interest by way of answer, and if he merely denies the allegations of the bill he is estopped by such denial from afterwards claiming any interest in the premises.

*Kehm* v. *Mott*, 86 Ill. App. 549, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

JAMES A. PETERSON, for appellant.

JAMES E. MUNROE, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is a proceeding in equity begun by Thomas Mott, against Olof O. Ostrom and others, in the circuit court of Cook county, to foreclose a mortgage in the form of a trust deed. The instrument was executed June 16, 1893, by Ostrom, to Horace E. Hurlbut, trustee, conveying lot 2 in Ostrom's subdivision of certain lots in Chicago, to secure the payment of a note of $8000, signed by Ostrom, of same date, to Mott, due five years after date, with interest at five per cent per annum until due and seven per cent thereafter. Default being made in the payment of the principal when due, this bill was filed August 8, 1898, to foreclose. After setting up the trust deed and the default in payment of money due, it is alleged that the trust deed is a paramount and first lien upon the lot in question; that John Frederick Kehm, Emma Kehm and others, (naming them,) "have or claim to have some interest in or lien upon said premises conveyed by said deed of trust, but such interest or lien, if any they or any of them have, was acquired long subsequent to the time when such deed of trust became a lien," etc.; that there appear upon the records of Cook county two certificates of sale made by the master in chancery, one conveying the lot in question to John Frederick Kehm and Emma Kehm for $1241, the other conveying the same lot to Emil R. Haas for $5000. The bill makes these parties, and others, defendants, and the prayer is that in default of payment within a short day the premises be sold to satisfy complainant's debt; that a defi-

ciency decree may be awarded to complainant for the amount of the debt after applying the proceeds of the sale, and that a receiver be appointed to collect the rents during the pendency of the proceeding. Soon after the filing of the bill the court appointed Emil R. Haas receiver of the premises in controversy, to collect the rents, etc. The Kehms were served with process, and filed first a general demurrer, and later filed an answer denying "each and all the allegations of said complainant in his said bill of complaint contained, and call for strict proof of the same." Upon a hearing, after evidence taken and reported by a master in chancery, together with his conclusions of law and fact, a decree was entered in accordance with the prayer of the bill. Upon appeal by the Kehms to the Appellate Court for the First District the decree below was affirmed, and John Frederick Kehm now prosecutes this further appeal.

The several grounds of reversal now urged are, that the chancellor committed error in appointing Emil R. Haas, a defendant, receiver; in entering the order appointing the receiver without notice to appellant; in determining adverse titles to the property in controversy, and in allowing complainant, as a part of the costs, a solicitor's fee of $350.

When a bill to foreclose a mortgage joins as defendants several persons who were not parties to the instrument, under the general allegation that they have or claim to have some interest in or lien upon the premises in controversy which is inferior to the lien of the mortgagor, it is unnecessary to set forth the nature or character of the interest or lien so claimed, the general allegation being sufficient. Such an allegation puts the defendant under the duty of setting up his interest by way of answer and establishing it by proof. This rule is founded upon the theory that the complainant, while bound to know the circumstances affecting his own title, is not supposed or required to know the particulars of

the title of his adversary.    2 Jones on Mortgages, secs.
1473, 1474, and authorities cited.

The bill alleges that defendants have some interest
in or claim against the land in controversy, and also sets
up a certificate of sale under which defendants claim.
The general denial directly traverses these allegations.
It is said in section 1474 of Jones on Mortgages, *supra*,
that when it has been alleged defendant has some inter-
est in the property, and the latter answers by a general
denial, "he is in no condition to question a judgment fore-
closing the defendant of all right, title and interest in
the premises adverse to the plaintiff, because his answer
denies that he has any claim or interest therein." Appel-
lant, therefore, must be held estopped by his answer from
claiming any interest in the premises in question. (*Finch
v. Martin*, 19 Ill. 105.)    It is a familiar rule in chancery
pleading and practice that a defendant must set up his
defense by plea or answer, and cannot avail himself of
any defense not so set up, even if proven by the evidence.
*Johnson v. Johnson*, 114 Ill. 611; *Jewett v. Sweet*, 178 id. 96.

Aside from this view, which is a conclusive answer
to all the grounds of reversal attempted to be urged by
appellant, we are of the opinion, after an examination of
the several points raised, that in any view of the case
none of them are well assigned.    The first and second
assignments of error were waived by appellant because
no objection was made in apt time.    In fact, the record
fails to disclose that these questions were raised at all
below.    The solicitor's fee is objected to upon this ap-
peal because he was named in the trust deed in question
as a successor in trust, and for that reason could not
properly be allowed a solicitor's fee in this cause.    The
contingency upon which he was to have been a successor
in trust never happened and he never acted as trustee.
Moreover, this objection was neither made before the
master nor preserved in the exceptions to his report.
This decree does not attempt to settle adverse legal title.

A reversal of the decree below on any of the points urged by appellant would serve no end of justice, but would simply delay the parties who are equitably entitled to relief. The trust deed clearly appears to be a prior lien upon the premises. The decree of the court below is equitable and just, and no injury whatever has been done to appellant. The judgment of the Appellate Court affirming that decree is affirmed.

*Judgment affirmed.*