HENRY SIELBECK, Appellant, *vs.* KATE GROTHMAN *et al.* Appellees.

*Opinion filed February 25, 1911.*

1. EVIDENCE—*presumption is that a person shown to be dead died intestate.* Proof by a plaintiff in ejectment that his father owned the legal title to land upon which he was residing at the time of his death and that the plaintiff and his brothers and sister were the only heirs, raises a presumption of fact that the father died intestate, and that the land descended, in pursuance of the statute, to his heirs; but such presumption is one of fact, which may be rebutted by evidence or shown to be inapplicable to the case. (*St. L., I. & E. R. R. Co.* v. *Warfel,* 163 Ill. 641, explained.)

2. MORTGAGES—*when finding of foreclosure decree as to title of mortgagor is binding.* Where a bill to foreclose a mortgage made by a widow alleges that she had the title in fee, and the decree so finds, such finding is binding, in a collateral proceeding, upon the adult heirs, who were made parties to the foreclosure proceeding but who waived service of process and suffered a decree to be entered against them by confession.

3. SAME—*the question of paramount or adverse title should be raised in foreclosure proceeding.* Whether the title of certain defendants to a foreclosure proceeding is paramount or adverse to the title of the mortgagor is a question which should be determined in that proceeding and not for the first time in a collateral attack on the foreclosure decree, which found that the mortgagor had a fee simple title.

4. EJECTMENT—*when plaintiff is not entitled to recover.* Where adult children suffer a decree to be entered against them by confession in a proceeding to foreclose a mortgage made by their mother after their father's death, and the bill alleges and the decree finds that the mortgagor had the fee simple title, they cannot recover in an action of ejectment against a grantee of the purchaser at the foreclosure sale by proving that their father had title from the government to the land in question, that he resided upon the land until his death and that they were his only heirs.

5. JUDGMENTS AND DECREES—*presumptions cannot prevail against express findings of judgment.* Express findings in a judgment of a court of general jurisdiction can be attacked collaterally only by the record and cannot be contradicted by presumptions of fact.

APPEAL from the Circuit Court of Massac county; the Hon. W. W. DUNCAN, Judge, presiding.

C. L. V. MULKEY, and FRED R. YOUNG, for appellant.

H. A. EVANS, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an action of ejectment brought by the appellant, Henry Sielbeck, against appellees, Kate Grothman, Fritz Grothman and others, in the circuit court of Massac county. A jury was waived and the cause tried before the judge, who entered judgment in favor of appellees, finding them to be the owners in fee simple of the property in question and that they recover from the plaintiff their costs. From that judgment this appeal was prayed.

The eighty-acre farm in controversy here is situated in said county. Appellant offered testimony which tended to show that his father, Christian Sielbeck, traced his title through *mesne* conveyances back to the government; that in 1872, while occupying the farm as his homestead, he died, leaving a widow, Lizette Sielbeck, and four children, Henry, Fritz and William Sielbeck, and Louise Sielbeck, now Louise May; that the widow, with appellant, continued to occupy the premises until her death, in May, 1900; that she re-married, in the meantime, Ernest Wieneke, who died shortly thereafter, leaving her again a widow; that in 1894 the widow, having become indebted to Hiram and August Quante in the sum of $575.50, gave her note for that amount, payable in twelve months, securing the same by mortgage, in the usual form, upon said eighty-acre farm. The record shows that no steps were taken to foreclose this mortgage during the lifetime of the widow, but in the month following her death the mortgagees filed a bill to foreclose at the August term of the circuit court of Massac county. This bill was in the usual form, stating that the widow was indebted to the Quantes in the above named sum, and to secure the payment thereof had executed a mortgage conveying said eighty-acre farm "in fee, subject,

however, to a condition of defeasance upon the payment of the principal sum of money and the interest," etc.; that on May 5 she died intestate and left her surviving the four children named above as her only heirs-at-law; that these heirs had an equity of redemption in said farm, and they were therefore made parties defendant. It is conceded by the appellant that he and his brothers and sister properly waived service of process by entering their appearances in this foreclosure proceeding; that they filed no answer and that a decree was entered against them by confession, finding the facts alleged in the bill to be true, among other things that said Louise Wieneke was at the time of her death the owner of the lands described in said mortgage, subject to this lien, and that appellant and his brothers and sister, and all persons claiming by, through or under them, should be forever foreclosed of all equity of redemption and barred from all claim of, in and to said lands unless the same should be redeemed. The premises were sold by the master in chancery February 2, 1901, and bid in by complainants in the foreclosure proceedings, and subsequently, in May, 1902, the premises not having been redeemed, a master's deed was issued to them and possession taken thereunder. Appellant and his brothers and sister were of age at the time of these foreclosure proceedings and were the only heirs of both their father and their mother. The title which vested in the complainants in that bill under the master's deed was conveyed to John George Grothman in May, 1902, and Grothman at once went into possession, remaining in possession until his death, in June, 1909, and his widow and children continued in possession up to the time of this litigation, and are the appellees herein. Before commencing this action of ejectment appellant took conveyances to himself from his brothers and sister.

The appellant contends that he and his brothers and sister inherited this land from their father; that the mother never had any interest in it beyond her homestead and

dower rights, and that the only thing she mortgaged to the
Quantes, complainants in the foreclosure suit, was these
homestead and dower rights. The only testimony offered
in support of the contention that the heirs, and not the
widow, owned the fee, was that the father, Christian Siel-
beck, obtained this land by *mesne* conveyances from the
government and was living on it and in possession at the
time of his death and that he left as his heirs the persons
named. It is argued from this state of facts, by counsel
for appellant, that it must be assumed that Christian Siel-
beck, his father, died intestate. Whenever the death of any
person is shown, until rebutted, the presumption is that he
died intestate and that his estate descends in pursuance of
the laws of inheritance. (*Schmidt* v. *Brown,* 226 Ill. 590;
Warvelle on Ejectment, sec. 366; *Lyon* v. *Kain,* 36 Ill.
362.) We think counsel for appellees is mistaken in saying
that this court, in *St. Louis, Indianapolis and Eastern Rail-
road Co.* v. *Warfel,* 163 Ill. 641, held to the contrary. In
that case the court simply stated that the plaintiff in the
ejectment suit, who claimed title from the widow and the
heirs, must prove the death of the ancestor and that the
persons who signed the deed were such heirs. The question
whether intestacy would be presumed was not there passed
upon. That Christian Sielbeck, the ancestor of appellant,
died intestate is only a presumption arising from the facts
that appellant proved in this case and may be rebutted by
other evidence. A presumption of fact has the force and
effect of a *prima facie* case and relieves temporarily the
party in whose favor it arises from presenting further evi-
dence. It is not evidence in itself, but a legal rule or con-
clusion which may be rebutted directly by evidence or shown
not to apply to the particular facts in the case. 1 Elliott on
Evidence, sec. 91; 1 Jones on Evidence, sec. 9.

Counsel for appellant contend that it is not necessary to
allege the title of the grantors in a bill to foreclose, and
that the allegations of the bill in these foreclosure proceed-

ings and the findings of the court that the fee to this land was in the mother of appellant are not binding upon him or his brothers and sister. It is true, as contended, that the mortgagor can only convey in the mortgage the title that he has and cannot be permitted to deny that title; (*Racine and Mississippi Railroad Co.* v. *Farmers' Loan and Trust Co.* 49 Ill. 331;) that a court of equity is not the proper forum for the trial of legal titles; (*Parker* v. *Shannon,* 114 Ill. 192;) that adverse or paramount titles not growing out of or subsequent to the mortgage should not be tried in foreclosure proceedings; (*Gage* v. *Perry,* 93 Ill. 176; *Piot* v. *Davis,* 241 id. 434; 2 Jones on Mortgages,—4th ed.— sec. 1440;) but it is also true that if persons having prior interests are made parties to a foreclosure proceeding and do not demur, answer or assert their prior rights but allow judgment to be taken, and the bill states and the decree finds that the title is subject to the mortgage, the parties, after the foreclosure proceedings, are estopped from setting up collaterally such prior interest. (*Chicago Theological Seminary* v. *Gage,* 103 Ill. 175; *Helck* v. *Reinheimer,* 105 N. Y. 470; 2 Jones on Mortgages,—4th ed.—sec. 1589.) The bill should allege the title of the mortgagors in the mortgaged premises. (1 Wiltsie on Mortgage Foreclosures,— 1899 ed.—sec 276.) This court has held that where the fee simple title was alleged to be in the mortgagors and was so found by the decree, such allegations were material and binding on the parties to foreclosure proceedings. *Goltra* v. *Green,* 98 Ill. 317; *South Park Comrs.* v. *Todd,* 112 id. 379; *Williams* v. *Soutter,* 55 id. 130.

The question of a title being paramount or adverse should be raised in the foreclosure proceeding and not for the first time collaterally. The validity of this decree can not be attacked collaterally for irregularities that do not go to the jurisdiction. (2 Jones on Mortgages,—4th ed.— sec. 1587; *Hefner* v. *Insurance Co.* 123 U. S. 747; *Kehm* v. *Mott,* 187 Ill. 519; *Rohrhof* v. *Schmidt,* 218 id. 585.)

The bill alleges, and the decree found, that the title in fee was held by the mortgagor, the mother of appellant, and that he and his sister and brothers were the owners of the equity of redemption, and that decision, even though wrong, is binding here upon the parties to the foreclosure suit. (*Norris* v. *Ile,* 152 Ill. 190; *Figge* v. *Rowlen,* 185 id. 234.) The mere presumption that appellant's father died intestate cannot prevail against such finding. Presumptions cannot be permitted to contradict the express findings of record. (1 Jones on Evidence, sec. 27.) The judgment of a court of general jurisdiction can only be attacked in collateral proceedings by the record itself. *Spring Creek Drainage District* v. *Highway Comrs.* 238 Ill. 521; *Reedy* v. *Camfield,* 159 id. 254.

The judgment of the circuit court must be affirmed.

*Judgment affirmed.*