(No. 26612.—

WALTER HOOD *et al.*, Appellants, *vs.* THE CRANE CREEK DRAINAGE AND LEVEE DISTRICT, Appellee.

*Opinion filed May 13, 1942—Rehearing denied Sept. 17, 1942.*

WILLIAM J. LONG, and THOMAS W. HOOPES, for appellants.

BOTTENBERG & GARRISON, and ROSWELL B. O'HARRA, for appellee.

Mr. CHIEF JUSTICE MURPHY delivered the opinion of the court:

This is an ejectment action which was brought by appellants in the circuit court of Schuyler county and involves 120 acres of land located in The Crane Creek Drainage and Levee District. A jury was waived and all the material facts were stipulated. The judgment appealed from found that appellee, The Crane Creek Drainage and Levee District, was the owner in fee simple of the real estate described and it was ordered that it be found not guilty of unlawfully withholding the possession from appellants.

The two sources of title under which the parties make their respective claims run back to a common source in James Edward Hood. Appellants, who are Hood's children, claim title by virtue of a warranty deed their father gave them. It was dated April 4, 1940, which was just prior to the beginning of this suit. Appellee's claim of title is by virtue of a deed issued to it in a suit it instituted to foreclose the lien of certain delinquent drainage assessments which it had levied against the land. The sole question for consideration is as to the sufficiency of the foreclosure proceeding and appellee's deed to convey title.

The foreclosure proceeding, started September 8, 1931, was prosecuted pursuant to section 34(a) of the Drainage act. (Ill. Rev. Stat. 1941, chap. 42, par. 33.) As required by statute, the decree of foreclosure directed the county collector to hold a sale, which was held March 5, 1932. Appellee became the purchaser and a certificate of purchase was issued to it. This sale was not approved by the court for the reason that it was discovered that the complaint and decree of foreclosure contained an erroneous description of the land, it being described as located in "Township One (1) South, of range One (1) West," when the correct description was Township One (1) North. During the same term of court at which the decree of foreclosure was entered, appellee petitioned for and obtained an order of court which canceled the certificate of purchase, set aside the sale and amended the decree of foreclosure and the complaint by inserting the correct description in each of them. It ordered the county collector to sell the land by the corrected description. It was readvertised and sold May 21, 1932, appellee again becoming the purchaser and receiving a certificate of purchase. After the expiration of the period of redemption, appellee petitioned the court for an order directing the county collector to execute and deliver a deed to it pursuant to the sale held May 21, 1932. The affidavit

attached showed appellee had complied with all the requirements of the statute entitling it to a deed. On the 25th day of May, 1932, an order was entered, which decreed "that upon the surrender and delivery of the original certificate of purchase for the lands foreclosed in this cause and purchased by The Crane Creek Drainage and Levee District of Schuyler county, Illinois, to the present county treasurer" a deed should be delivered. The county collector executed and delivered a deed to appellee, dated June 9, 1934. On the same day, the county collector filed his report of conveyance in which was set forth the execution and delivery of the deed which was for a conveyance of the land sold to appellee at a sale held May 21, 1932, and for which a certificate of purchase had been issued. The report recites that the certificate had been surrendered and was attached to and made a part of the report. However, the certificate attached was not the one issued on the sale of May 21, 1932, but was the certificate issued on the sale of March 5, 1932. The order entered confirming the report of conveyance found the county collector had acted in compliance with the orders and decree of the court and requirement of the statute, and ordered that the report be approved. The deed which appellee received from the county collector contained a recital showing that it was delivered pursuant to the sale held May 21. The deed was filed for record in November, 1934, and appellee has been in possession of the lands by tenant.

Appellants' contention centers on the failure of the county collector to attach the certificate of purchase issued for the sale held May 21, 1932 to the report of conveyance. It is urged that the deed was ineffectual to pass title to appellee, since the certificate of purchase issued on the sale under which appellee claims was never surrendered. It is said the surrender of the certificate of purchase is a mandatory provision of the statute. The statute under which

the foreclosure suit was prosecuted does not contain any such requirement and we do not find any such requirement in any other statute cited by appellants.

The stipulation which shows the amended complaint in the foreclosure suit, the service of summons upon the holder of the title, the foreclosure decree containing the corrected description, the county collector's report of sale and the deed was, standing alone, sufficient to prove title in appellee in the first instance. *Hooper* v. *Goldstein,* 336 Ill. 125, 131.

The failure of the record to show the surrender of the original certificate of purchase or the error in attaching to the report of conveyance the certificate issued on the sale which had been set aside instead of the proper certificate, are irregularities that do not go to the jurisdiction. They could have been properly raised in the foreclosure proceeding but they are matters which can not be raised in a collateral attack. (*Sielbeck* v. *Grothman,* 248 Ill. 435; 2 Jones on Mortgages, (4th ed.) sec. 1587; *Figge* v. *Rowlen,* 185 Ill. 234; *Norris* v. *Ile,* 152 id. 190.) The evidence of the foreclosure proceeding established a title in appellee which was superior to the claim of title of appellants.

For the reasons assigned, the judgment of the circuit court is affirmed.

*Judgment affirmed.*