| 37 | 79 |
|----|-----|
| 39 | 227 |
| 37 | 79 |
| 43 | 724 |
| 37 | 79 |
| 50 | 446 |
| 37 | 79 |
| 53 | 227 |
| 37 | 79 |
| 65 | 68 |
| 37 | 79 |
| 68 | 312 |
| 37 | 79 |
| 71 | 601 |

## F. G. SMYTHE, SR., et al., v. CHARLES A. PARSONS, et al.

1. REDUNDANT WORDS, *Striking Out; Discretion of Court.* Where certain words in a petition are immaterial and redundant, the court has a discretion to permit them to remain in the petition, or to order them to be stricken out; and where the court permits them to remain in the petition it does not commit material error.

2. ——— The petition in this case states a cause of action.

3. UNIFORM CUSTOM; *Evidence; No Error.* Parties to a contract are presumed to contract with reference to a uniform and well-settled custom or usage pertaining to the matters concerning which they make the contract, where such custom or usage is not in opposition to well-settled principles of law nor unreasonable; and therefore, *held,* that the trial court did not err in permitting testimony to be introduced tending to prove a general custom at Wichita, with reference to the method of ascertaining the number of brick in a wall, the contract having been made at Wichita, and not prescribing how the number of the brick in the wall should be ascertained.

4. EVIDENCE, *Competent and Incompetent; Practice.* Where testimony, a portion of which is competent and a portion incompetent, is introduced without objection, and afterward the adverse party moves to strike out *the whole* of it, *held,* that the court may overrule the motion without committing error.

5. FINDING *by Court, When to be Made.* Where the trial of a case is submitted to the court without a jury, the court may find generally

and without stating its conclusions of fact found separately from its conclusions of law, unless requested to find specially before the general finding is made and the judgment rendered thereon.

*Error from Greenwood District Court.*

THE opinion states the case.

*Campbell & Dyer,* for plaintiffs in error.

*Jno. R. Parsons,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This action is founded upon a written contract, set forth as an exhibit to the plaintiffs' petition, and is for a balance due for labor and materials furnished in 1882, in the construction of a large brick building in the city of Wichita. The action was commenced in the district court of Sedgwick county by Charles A. Parsons and James Longmire, partners, against F. G. Smythe sr., F. G. Smythe jr., and Charles H. Smythe, and was afterward removed by change of venue to the district court of Greenwood county, where it was tried in 1885, before the court without a jury, and the court found generally in favor of the plaintiffs and against the defendants — finding a balance due at the time of the trial of $487.60, for which amount, with costs, the court rendered judgment in favor of the plaintiffs and against the defendants. The defendants bring the case to this court, and ask for a reversal of the aforesaid judgment. They claim that the court below committed errors as follows:

1. They claim that prior to the trial and prior to their filing any answer in the case, the court below erred in overruling their motion to strike out of the plaintiffs' petition the words "kiln count," and "actual kiln count," claiming that said words are "redundant, immaterial and repugnant" to the contract sued on.

2. They further claim that the court below erred in overruling the defendants' objection to the introduction of any testimony on the ground that the plaintiffs' petition did not state facts sufficient to constitute a cause of action.

3. They further claim that the court below erred in admitting testimony tending to prove a general custom at Wichita with reference to the method of ascertaining the number of brick in a wall.

4. They further claim that the court below erred in permitting one of the plaintiffs to testify as to the number of brick used by actual count, when it is claimed that such plaintiff did not count the brick himself, but obtained his information only from others.

5. They further claim that the court below erred in refusing to make special findings of fact and conclusions of law.

We shall consider these claims of error in their order :

I. The original contract between the plaintiffs and the defendants, and the one sued on in this action, is in writing, and under it the defendants were to furnish the plaintiffs with all the brick necessary for the construction of said building. As to how the number of the brick should be ascertained, or how they were to be counted, the contract is possibly ambiguous; and if it is, then the words "kiln count," and "actual kiln count," have some office to perform in the plaintiffs' petition; for by them it is shown how the brick should be counted. These words merely show how the plaintiffs construe the contract. If, however, the contract is not ambiguous, then these words could certainly do no harm, for the parties must be governed by the contract, and the words must be treated as surplusage. The contract itself is set out as an exhibit to the plaintiffs' petition, and must govern, whatever may have been alleged concerning it. It may be that the aforesaid words are immaterial and redundant, and probably they are; and if so, then the court might in its discretion have stricken them out; but as the court has a discretion in such cases, we do not think it erred in refusing to strike them out. (*Drake v. National Bank*, 33 Kas. 639.) They could not do any harm by being permitted to remain in the petition.

II. There is nothing at all in the second alleged error.

6 — 37 KAS.

III. We think the testimony tending to prove a general custom at Wichita with reference to the method of ascertaining the number of brick in a wall, was properly admitted. The plaintiffs were bricklayers and contractors, and the defendants were the owners of the building, and the defendants were to pay the plaintiffs for laying the brick in the wall a certain amount or rate per thousand; and the question arose: How shall the brick be estimated or counted in the wall? The foregoing testimony was admitted upon the theory that the contract itself was ambiguous, or at least did not definitely or specifically prescribe how the number of the brick in the wall should be ascertained, and that the parties contracted with reference to this custom, which was well known at Wichita. Parties are always presumed to contract with reference to a uniform and well-settled custom or usage pertaining to the matters concerning which they make the contract, where such custom or usage is not in opposition to well-settled principles of law, nor unreasonable; (*Walls v. Bailey*, 49 N. Y. 464, *et seq.*, and cases there cited; *Graham v. Trimmer*, 6 Kas. 231;) and by the introduction of the aforesaid testimony it was attempted on the part of the plaintiffs to prove such a custom or usage. Besides, there does not seem to have been any objection made or exception taken to the introduction of this testimony. Hence, for this reason also, and it might be for this reason alone if the other did not exist, the court below did not err in admitting the testimony.

IV. The other testimony complained of is the testimony of Charles A. Parsons, one of the plaintiffs in the case. This testimony was introduced by the plaintiffs without any objection being interposed thereto on the part of the defendants. Some of it was competent, and some of it was incompetent. Afterward, as the record shows, "the defendants moved to strike out all of Parsons's testimony, as hearsay and incompetent and irrelevant; which motion the court overruled; to which the defendants excepted." We think the motion was

rightfully overruled. In the case of *Smith v. Brown*, 8 Kas. 609, it was held as follows:

"If any portion of the evidence objected to is competent, the court may, on a motion to exclude the whole, exclude the part that is incompetent, but is not obliged to do so; it may only respond to the motion as made, and overruled. The motion must fit the case, or the court may overrule it."

(See also *Gano v. Wells*, 36 Kas. 688.)

We might further say, that the incompetent portion of Parsons's testimony could not have prejudiced any of the rights of the defendants. It tended to show that the number of brick delivered by the defendants to the plaintiffs did not exceed 181,402, while the competent evidence clearly showed the same thing; and there was no evidence tending to show that any larger number of brick was delivered.

V. The court below did not err in refusing to make special findings of fact and conclusions of law. No request was made that the court should do so until after the general finding was made and after the judgment was rendered. After the judgment was rendered the defendants filed a motion "requesting the court to find and file conclusions of law and fact separately." Whether this motion was called to the attention of the court at any time prior to the time when the case for the supreme court was settled and signed, is not shown. At the time of settling the case, the matter was called to the attention of the court, and the court then offered to find and file such conclusions, if desired; but the defendants objected, and the court did not do so. No error was committed by the trial court in this respect.

The judgment of the court below will be affirmed.

All the Justices concurring.