J. T. RAMSDELL *et al.* v. FRANK HULETT.

NOTE — *Interest, When Due.* Where a promissory note, by its terms, was made payable on or before three years after date, with interest at 8 per cent. per annum after date until paid, the interest does not become due or payable until the maturity of the note.

*Error from Russell District Court.*

THE facts appear in the opinion.

*A. Bergen,* for plaintiffs in error:

The cross-petition of defendant, Frank Hulett, does not state facts sufficient to constitute a cause of action against the

plaintiffs in error. *Drake v. National Bank,* 33 Kas. 634–639; *Smythe v. Parsons,* 37 id. 79–81.

"The right of action must be complete before the action is brought." 1 Wait's Ac. and Def. 41, and cases cited. See, also, *Brown v. Mining Co.,* 32 Kas. 532; *Reynolds v. Thomas,* 28 id. 814; *Hutchinson v. Benedict,* 49 id. 545.

By the terms of this mortgage, under which the note is claimed to have matured, the note did not mature, and no action could be maintained upon it, and no judgment could be rendered thereon, before the end of the three years specified therein. *O. C. Rld. Co. v. Cent. Tr. Co.,* 133 U. S. 83; *Noble v. Greer,* 48 Kas. 41; *Brown v. Mining Co.,* 32 id. 532; *Reynolds v. Thomas,* 23 id. 814.

"Where a judgment is not supported by the pleadings, the error is manifest in the record, and can be reversed without any motion for a new trial, and without exceptions being taken to the erroneous judgment." *Land and Cattle Co. v. Daly,* 46 Kas. 504; *Comm'rs of Wyandotte Co. v. Arnold,* 49 Kas. 279; *Lender v. Caldwell,* 4 id. 339; *Zane v. Zane,* 5 id. 134; *Woolley v. Van Volkenburgh,* 16 id. 20; *McKinstry v. Carter,* 48 Kas. 428; *Brown v. Tuppeny,* 24 id. 29; *Koehler v. Ball,* 2 id. 160; *Windmill Co. v. Buchanan,* 46 id. 314–316; *Crawford v. Shaft,* 46 id. 704.

*H. G. Laing,* for defendant in error:

"Whether the petition stated sufficient facts is not a question the supreme court can look into until it first be presented to the district court." *McBride v. Hartwell,* 2 Kas. 411. See, also, *Green v. Dunn,* 5 Kas. 254; *Wilson v. Fuller,* 9 id. 189; *Moore v. Wade,* 8 id. 381.

As authority for this court to review the alleged errors, see *Lender v. Caldwell,* 4 Kas. 339; *Woolley v. Van Volkenburgh,* 16 id. 20; *Land and Cattle Co. v. Daly,* 46 id. 504; *Windmill Co. v. Buchanan,* 46 id. 314; *Greer v. Adams,* 6 id. 206.

The service of summons by plaintiff, American State Bank, was sufficient to authorize the judgment. It brought plaintiffs in error into court for all purposes, and they were bound

to take notice of the cross-petition of Hulett. *Kimball v. Connor*, 3 Kas. 414. "The acceptance of a deed which in terms provides that the grantee is to assume a certain incumbrance on the granted premises makes a contract in writing by such grantee to pay that incumbrance, upon which contract the holder of the incumbrance may proceed directly against the grantee and recover." *Schmucker v. Sibert*, 18 Kas. 104. See, also, *Scott v. Morning*, 23 Kas. 253; *Fairchild v. Lynch*, 42 N. Y. Superior Ct. 265; 1 Jones, Mortg., §748.

The interest was payable annually by the terms of the note, and default in its payment made the whole amount due. *Winchell v. Coney*, 5 Atl. Rep. (Conn.) 354.

Opinion by GREEN, C.: On the 25th day of March, 1889, the American State Bank brought a foreclosure suit against K. W. Robbins and others, in the district court of Russell county. Neither Frank Hulett nor J. T. Ramsdell was originally a party to the action. On the 10th day of June, 1889, the American State Bank obtained a judgment and decree of foreclosure. On the 6th day of September, 1889, Frank Hulett filed his answer and cross-petition, in which, among other things, he alleged that, on *April fourth*, 1887, J. T. Ramsdell and Mary F. Ramsdell executed to K. W. Robbins their promissory note, in writing, of that date, whereby, for value received, they promised to pay to the order of said K. W. Robbins, on or before three years after the date thereof, the sum of $2,750, with interest at the rate of 8 per cent. per annum from date until paid, and that J. T. Ramsdell and Mary F. Ramsdell made their mortgage of the real estate on which foreclosure was sought to secure said sum, with interest thereon according to the terms and tenor of the same; that said note was assigned to said Frank Hulett; that he is the owner thereof; and that said J. T. Ramsdell and Mary F. Ramsdell failed to pay said note, or interest on the same, falling due April 4, 1889, and "failed to pay the taxes due for the year 1888, amounting to $———, against said property;"

that said Frank Hulett declares the whole of said debt to be due; that a copy of said note is attached to said petition, marked "A," and a copy of said mortgage, marked "B;" that J. T. Ramsdell and Mary F. Ramsdell, May 17, 1887, conveyed said premises to said L. H. Pounds, and that said L. H. Pounds, as part consideration for said conveyance, assumed and agreed to pay said note to said Frank Hulett, in and by the deed, a copy of which is attached to petition, marked "C;" that on the 9th day of June, 1888, said L. H. Pounds conveyed said real estate to J. W. Thomas, who, in and by the conveyance to him, of which a copy is attached, marked "Exhibit D," assumed and agreed to pay said Frank Hulett said note of $2,750. The following is a copy of the note:

EXHIBIT "A."

"$2,750. TOPEKA, KAS., April 4, 1887.
"On or before three years after date, we promise to pay to the order of K. W. Robbins twenty-seven hundred fifty dollars, at the First National Bank, Russell, Kas., value received, with interest at 8 per cent. per annum after date until paid.

J. T. RAMSDELL.
MARY F. RAMSDELL."

"No. —. Due April 4, 1889."

[Indorsed on back:] "K. W. Robbins, J. L. Starkweather."

"June 14, 1888. Received on the within note the interest up to April 4, 1888."

The mortgage securing the note, and referred to in the cross-petition, contained the following condition:

"But if said sum or sums of money, or any part thereof, or any interest thereon, is not paid when the same is due, *and* if the taxes and assessments of every nature which are or may be assessed and levied against said premises, or any part thereof, are not paid when the same are by law made due and payable, then the whole of said sum and sums, and interest thereon, shall and by these presents become due and payable, and said party of the second part shall be entitled to the possession of said premises."

The deed conveying the lands designated in the mortgage

from J. T. Ramsdell and wife to L. H. Pounds, after the covenant that the premises were free and clear of all incumbrances, contained the following:

"Except one certain mortgage for $5,650, dated March 16, 1887, due in one and two years, at 8 per cent.; and one certain mortgage for $2,750, dated April 14, 1887, due three years from date, at 8 per cent. semiannual interest, which grantee assumes and agrees to pay when due."

A copy of this deed was attached as an exhibit to the answer and cross-petition of Frank Hulett, as the basis of his action for a judgment against L. H. Pounds. The answer and cross-petition also contained a copy of the deed by which the land was conveyed from L. H. Pounds and wife to J. W. Thomas, which contained the following exception: "Except one certain mortgage for $5,650, and one for $2,750, which grantee assumes and agrees to pay." Upon this exception, a judgment was asked against J. W. Thomas. The plaintiffs in error had no notice of the filing of the cross-petition of Hulett. On the 4th day of March, 1890, the court rendered a judgment against the plaintiffs in error, upon default, in favor of Frank Hulett, for the sum of $3,171.31. No motion was made for a new trial or exception taken to the rendition of the judgment. The plaintiffs in error bring the case here upon the record, and ask that the same be reversed.

The first point made is, that the cross-petition did not state facts sufficient to constitute a cause of action against the plaintiffs in error. The point is made that the note and interest did not mature until the 4th day of April, 1890, three years from the date of the note; that the cross-petition showed upon its face that there was nothing due upon the note and mortgage, and that the court had no authority to render judgment upon the same a month before it was due. The controlling question in this case is the construction to be placed upon the last clause in the note set out in the cross-petition and the condition in the mortgage. It will be observed that it requires the concurrence of two things in the mortgage to cause the whole debt to mature: the failure to

pay any sum or part thereof or any interest thereon when the same is due, *and* the failure to pay the taxes and assessments when due.   We must therefore look to the terms of the note to ascertain when the interest becomes due.   The last clause in the note reads: "With interest at 8 per cent. per annum after date until paid."   It is contended by the defendant in error that this clause made the interest payable annually, and a default in its payment made the whole sum due; that "per annum" and "annually" mean the same.   Strictly speaking, the words "per annum" mean by the year, or through the year; but we must construe the note as an entirety.   It is a promise to pay a stated sum of money, with the interest thereon at 8 per cent. per annum.   This, we think, means that the principal and interest are due and payable at the same time. In the case of *Koehring v. Muemminghoff*, 61 Mo. 406, it is said :

"In the note under consideration, the promise in the note was to pay the sum of money named, 'with interest from date at the rate of 8 per cent. per annum,' five years after the date of the note.   No different time is fixed for the payment of the interest from that fixed for the payment of the principal secured to become due by the note.   In such a case, both principal and interest become due at the same time; in fact, the promise plainly is to pay the principal with the interest five years after the date of the note.   The words 'with interest at the rate of 8 per cent. per annum' only fix the rate of interest to be calculated on the note, and have nothing to do with the time that it shall be paid." (*Cooper v. Wright*, 23 N. J. Law, 200.)

Judge Deady said, in the case of *Tanner v. Investment Co.*, 12 Fed. Rep. 648:

"It is too plain for argument that no interest is due on a promissory note payable at a future day, with interest at a certain rate per annum, until the principal sum is due.   The promise to pay the interest is to pay it *with* the principal at the time the latter becomes due; and if the payee or holder of a note claims that interest is due and payable thereon during the period the note has run, he must show some special provision or agreement to that effect before his claim can be allowed."

The allegations of the answer and cross-petition, that the payors failed to pay the interest on the note when due, will not make it good.

"Such averments cannot change the terms of the written contract nor affect the rights of the parties thereunder. The rights of the parties are governed by the terms of the written contract." (*Drake v. National Bank*, 33 Kas. 639.)

"If the contract is not ambiguous, . . . the parties must be governed by the contract. The contract itself is set out as an exhibit to the plaintiff's petition, and must govern, whatever may have been alleged concerning it." (*Smythe v. Parsons*, 37 Kas. 81; *Banking Co. v. Riley County Bank*, 30 id. 166.)

We are of the opinion that by the terms of the note and mortgage no part of the interest became due until the maturity of the note, and that it was error upon the face of the record for the court to render judgment for the debt before the note became due.

It is recommended that the judgment of the district court be reversed.

By the Court: It is so ordered.

All the Justices concurring.