DAVID E. LEWIS AND ANNIE B. LEWIS v. WILLIAM
E. LEWIS.

**No. 10251.**

MORTGAGE STIPULATION—*that whole debt due if any payment
defaulted and taxes not paid — to make debt due, both condi-
tions must be broken.* In a mortgage to secure the payment of
several notes due at different times, interest thereon payable
annually, there was a stipulation that, "if said sum or sums of
money, or any part thereof, or any interest thereon, is not paid
when the same is due, and if the taxes and assessments of every
nature which are or may be assessed and levied against said prem-
ises, or any part thereof, are not paid when the same by law are
made due and payable; then the whole of said sum or sums, and
interest thereon, shall, and by these presents does, become due and
payable. . . .." *Held*, in a foreclosure proceeding, that, to
make the whole debt due before the time stated in the notes and
to authorize a foreclosure, two conditions must concur, namely :
default in the payment of a sum when due, and default in the
payment of the taxes on the mortgaged premises when due.

Error from Shawnee District Court. Hon. Z. T.
Hazen, Judge. Opinion filed October 9, 1897. *Af-
firmed.*

This was an action to foreclose a mortgage. The
defendants answered, and the plaintiff filed a general
denial as a reply. On an agreed statement of facts,
the substance of which is stated in the opinion, the
court below rendered judgment in favor of the plain-
tiff. The defendants thereupon brought this proceed-
ing in error.

*H. C. Root*, for plaintiffs in error.

*A. W. Dana*, for defendant in error.

JOHNSTON, J. On November 1, 1882, David E.
Lewis and his wife, Annie B. Lewis, executed three
promissory notes in favor of Edward Lewis for the
amounts of three hundred, five hundred, and seven

hundred dollars, due in seven, ten, and fifteen years after date, respectively, with interest from date at seven per cent. per annum, payable annually. The notes were secured by a mortgage on eighty acres of land in Shawnee County. The interest due upon the notes was paid by David E. Lewis in 1883, and this was the only interest payment made upon the notes. On December 15, 1892, Edward Lewis assigned the notes and mortgage to William E. Lewis, who, on July 25, 1894, brought this action to recover upon the notes and to foreclose the mortgage.

The defendants answered, admitting the execution of the notes and mortgage, but alleging that, according to their terms, a cause of action accrued thereon about November 1, 1884, and that the action became barred five years thereafter. The condition in the mortgage, which it is claimed made the whole debt due in 1884, is as follows :

"But if said sum or sums of money, or any part thereof, or any interest thereon, is not paid when the same is due, and if the taxes and assessments of every nature which are or may be assessed and levied against said premises, or any part thereof, are not paid when the same by law are made due and payable, then the whole of said sum or sums, and interest thereon, shall, and by these presents, become due and payable. . . ."

The notes and the mortgage are to be treated as a single contract, and, therefore, the stipulation in the mortgage, specifying upon what conditions the whole debt shall become due and payable, affects the notes, and is controlling as to when a cause of action accrued thereon. It has been held that stipulations of this character are valid, and that the mortgagor as well as the mortgagee may take advantage of them. *Nat'l Bank v. Peck*, 8 Kan. 660. When the stipulated conditions arise, not only may the mortgagee maintain an action to recover the entire debt and to foreclose

the mortgage, but from that time the Statute of Limitations begins to run in favor of the mortgagor ; and when it has run, his defense to the notes and mortgage is complete.   Under the stipulation; when did the whole debt become due and payable, and the mortgage absolute?

The mortgagors insist that their failure to pay the interest constitutes a default which made the whole debt due ; but the language of the stipulation does not admit of this interpretation.   According to the plain terms of the mortgage, the debt can only become due, in advance of the time stated in the notes, and the mortgage become subject to foreclosure, upon the happening of two conditions : The failure to make payments when they become due, *and* the failure to pay the taxes and assessments which may be levied against the mortgaged property.   As was held in *Ramsdell v. Hulett* (50 Kan. 440), both these conditions must concur to cause the whole debt to mature.   It is certainly competent for the mortgagor and mortgagee to stipulate that the mortgage shall not be foreclosed until the happening of certain conditions therein named.   They are not, of course, limited to a single condition, but may stipulate that two or more things must concur before the whole debt shall mature and the mortgagee be entitled to a foreclosure. Here, it was stipulated that the mortgage should not be foreclosed except on the existence of two conditions : Default in the payment of a sum when due, and default in the payment of the taxes when due. While the interest was not paid after 1883, there was no default in the taxes until 1892 ; which was only two years before the commencement of this action. It cannot be held that the clause requiring the payment of taxes is so indefinite as to be unenforceable. It specifically provides for the payment of the taxes

and assessments, of every nature, which are or may be assessed and levied against the premises or any part thereof. Since all the taxes levied against the premises were included, there can be no dispute as to what taxes are meant.

We think the court ruled correctly in holding that there was no such default within five years next preceding the beginning of the suit as to start the Statute of Limitations running; and therefore the judgment will be affirmed.