### Kingman & Company v. George Hett *et al.*

#### No. 378.   (58 Pac. 1022.)

Contract—*Improper Testimony.* The facts in the record set forth, and *held,* that, under the circumstances of this case, the trial court erred in not excluding certain testimony.

Error from Montgomery district court; A. H. Skidmore, judge.   Opinion filed November 15, 1899.   Reversed.

*Dooley & Keith,* for plaintiff in error.

*T. H. Stanford,* for defendants in error.

The opinion of the court was delivered by

Schoonover, J. : The defendants in error executed and delivered to plaintiff in error three promissory notes for $700 each ; to secure same, they executed a chattel mortgage upon one thrashing-machine, for the purchase-price of which the notes were given ; they also gave a mortgage upon certain real estate. The thrashing-machine was sold under the mortgage. This action is to recover the balance due upon the

notes and to foreclose the mortgage upon the real estate.

Several defenses are set forth in the answers, one of which is as follows :

" This defendant says that for the purpose of paying off and discharging said indebtedness he paid and caused to be paid to plaintiff the sum of $866, as follows : On or about the months of September and October, 1892, the sum of $140 in cash ; on the — day of June, 1893, thrashing accounts of divers parties in the sum of $111, and during the thrashing season of 1893, thereafter, thrashing accounts on divers parties in the sum of $615 ; that said sum of $866, so paid as aforesaid, fully discharged the debt upon said first note of $700 and interest that fell due November 1, 1892, and left a balance in the sum of about $140. Said balance this defendant was and now is entitled to have credit as of October —, 1893, upon the note described in the first count of plaintiff's petition herein."

Under the pleadings, the burden was upon the defendants below. The first witness called, George Hett, one of the defendants, testified fully as to the agreement ; that the accounts turned over were accepted in payment of the notes ; that $615 in accounts were turned over and never tendered back. This testimony was admitted without objection. On cross-examination, witness tetified as follows :

" Ques. There was an agreement signed by you, wasn't there, as to how these should be collected? Ans. There was an agreement.

" Q. Entered into as to how you should do with the accounts — a written agreement, was n't there? A. Yes, sir.

" Q. Where is that agreement? A. I ain't got any copy of it. They might have made any kind of agreement to themselves afterwards ; I do n't know."

Upon the admission of this testimony, counsel for

plaintiff moved to exclude same from the jury by the following motion :

"That agreement, whatever it was, was made in writing, and the plaintiff asks that the evidence in chief of the witness be stricken out, for the reason that any arrangement with reference to turning over these accounts and the collection between the parties appears now to be in writing, and the written agreement is the best evidence."

In passing upon this motion, the court said "Overruled for the present." It does not appear from the record that a proper foundation was laid for the introduction of secondary evidence, or that further action was taken by the court. It is contended by defendants in error that the motion is too broad ; that it asks the court to strike out all the testimony in chief of the witness, a part of which was competent. (*Smythe v. Parsons*, 37 Kan. 79, 14 Pac. 444 ; *Hillis v. National Bank*, 54 id. 421, 38 Pac. 565.)

The contents of this contract were material ; the principal item of defense was based upon it ; the admission of the incompetent testimony was called to the attention of the court during the cross-examination of the first witness placed upon the stand. It is admitted that the contract is in writing. In our opinion, the oral testimony relating to the contents of this agreement should have been excluded, the written contract produced, or proper foundation laid for the introduction of secondary evidence.

The judgment of the district court is reversed and the case remanded for a new trial.