H. H. HAGAN, LILLIE A. HAGAN, FRANK HAGAN, JENNIE HAGAN, W. H. LASSWELL, S. E. LASSWELL, DAKOTA MORTGAGE AND LOAN CORPORATION, and HENRY A. WYMAN, *as Receiver of the Globe Investment Company*, v. CHARLES SHERIDAN.

No. 714.  (61 Pac. 756.)

MORTGAGES OF REAL ESTATE—*Subrogation—Estoppel—Merger.* H. held a first mortgage on the land of H. H. M. held a second mortgage, to secure to S. the payment of the note made by H. H. as principal and M. as surety. This second mortgage is expressly subject to H.'s. F. H. held a third mortgage. He took title to the land from H. H., and was, thereafter, compelled to pay the H. mortgage to protect his title, taking an assignment thereof. Subsequently he conveyed the land to L. M. assigned his mortgage to S., who seeks to foreclose. F. H. was entitled to subrogation to the lien of the H. mortgage. As against S., he was not estopped to claim the lien by his deed with covenants against liens to L., nor did his subsequent conveyances to L. have the effect to extinguish this lien by a merger as between S. and F. H. and L.

Error from Pottawatomie district court; WM. THOMSON, judge.  Opinion filed June 15, 1900.  Reversed.

*G. C. Clemens*, for plaintiffs in error.

*B. H. Tracy*, for defendant in error.

The opinion of the court was delivered by

MAHAN, P. J.: H. H. Hagan was indebted to the defendant in error upon a promissory note, upon which one McHale was surety.  For the purpose of securing McHale against any loss by reason of such suretyship, Hagan mortgaged the land in controversy in this case to McHale.  The mortgage is dated January 17, 1887.  The note recited in the mortgage is dated May 5, 1884, due four months after date.  This note was thereafter renewed several times, the last renewal being June 20, 1894, in the sum of $1388.90, including accrued interest.  The mortgage was made expressly subject to a prior mortgage to one Hunt for $600.  November 12, 1897, McHale assigned his mortgage to the defendant in error in consideration of being released from all liability as surety on the note which the mortgage was given to secure.  November 18, 1887, H. H. Hagan conveyed to Frank Hagan the land in controversy and other lands for an expressed consideration of $5000, subject to a mortgage held by him against all of the land for $8500.  Thereafter Frank Hagan, to protect his title, was compelled to take up the Hunt mortgage, which, with interest, amounted to $1040, of which he took an assignment to himself. In 1897, just before the commencement of this suit, Frank Hagan conveyed all the land, including the land in controversy, to the defendant Lasswell, for a

consideration of $15,000. To Sheridan's action upon the McHale mortgage the Hagans and Lasswell answered; pleading payment. Frank Hagan further answered, setting up the facts before recited in relation to the Hunt mortgage and his purchase of the property, and asking that he be subrogated to the lien of Hunt thereunder, and that he be decreed thereunder to have a lien prior to Sheridan's lien. Lasswell answered further, alleging his purchase from Frank Hagan, and that he, as grantor, was liable to make good the title to the land; but did not join in an allegation of the facts or a prayer for subrogation. Upon a trial to the court, there was a finding that Sheridan had a first lien upon the land in controversy; that the mortgage lien set up by Hagan was extinguished and discharged before the commencement of the action, and that by reason thereof he had no right, interest or equity in the premises, and was estopped from asserting any right therein. There was a personal judgment against H. H. Hagan upon the note and a judgment for the sale of the property, barring the defendants. It is contended by Frank Hagan and Lasswell, who prosecute this petition in error, that they were entitled to be protected by subrogation to Hunt's prior mortgage, and that the court erred in refusing them subrogation; and, further, that no cause of action as to the indemnity mortgage is stated in the petition in favor of Sheridan.

It seems very clear that there was no merger of the Hunt mortgage in the legal title acquired by Frank Hagan from the mortgagor. As between Frank Hagan and Lasswell, the covenants in Hagan's deed to Lasswell would estop him from setting up a lien under the Hunt mortgage. But as between Frank Hagan and Lasswell upon the one side and Sheridan upon

the other there was no estoppel created by this deed. So that the finding of the court in this respect is not sustained by the fact; nor is its finding that this mortgage was discharged before the commencement of the suit sustained by the facts of the case. The only contention is that it was discharged because Frank Hagan had conveyed the land to Lasswell. Sheridan is not in the position at all to claim the benefits of the estoppel. He, claims in antagonism to both Hagan's and Lasswell's rights and not under either.

Under the second assignment of error, that is, that the petition states no cause of action, it is contended, first, that the McHale mortgage was given simply to indemnify McHale, and not in express terms to secure the debt to Sheridan ; and, second, that because McHale was expressly released in consideration of the assignment of the mortgage to Sheridan, there was nothing left to which the condition of the mortgage could apply, and that, therefore, the land was discharged from the lien created by the mortgage, which fact was disclosed by the petition ; third, that no sufficient breach of the conditions of the mortgage was alleged, because the condition was that the mortgagor should pay the note and the taxes, and it was not alleged that the defendant failed to pay the taxes ; and, fourth, that it appeared from the petition that the note—the original note—in existence when the mortgage was made, which was signed by Frank Hagan, as a copartner of H. H. Hagan, had been thereafter replaced by a note of H. H. Hagan alone, with McHale as surety ; that is, that there had been a complete novation.

In the argument it was further contended that the condition of the mortgage upon its face showed it to be an impossible one—impossible of performance—

in that the day of payment of the note had long since passed at the time the mortgage was made, and the mortgage provided that it should be paid according to its tenor and effect when due.

We do not think that any of these objections ought to prevail, in view of the decisions of the supreme court of this state in *Seibert v. True*, 8 Kan. 52, and in *Seibert and Lykins v. Thompson*, 8 id. 65. Sheridan was entitled, under the rule announced in these decisions, to the benefit of this security without assignment. What difference could it make in the equity of the parties that Sheridan and McHale should resort to this short method of appropriating the securities to the payment of the debt, rather than by proceeding against McHale as surety jointly with Hagan, and reaching the security through the equitable interposition of the court? In either event McHale would be discharged. McHale, after having paid the note, could have resorted to the land for repayment. This was the express intention of the parties.

It was further provided in the mortgage that H. H. Hagan should pay the debt to Sheridan, so that the burden was not increased by the assignment to Sheridan. His right was no greater or less than that of McHale.

We do not believe that the principle announced in the case of *Lewis v. Lewis*, 58 Kan. 563, 50 Pac. 454, has any application to this case. We are of the opinion that the petition disclosed no novation. We cannot agree with counsel that the record discloses that Frank Hagan derived enough from the land to discharge all the liens on it at the time he took title, so as to bring the case within the principle announced in *Webb v. Meloy and another, imp.*, 32 Wis. 319.

The judgment of the court that the Hunt mortgage

had been discharged, and that Frank Hagan and Lass-
well were estopped from claiming subrogation there-
under, and, as a consequence thereof, barring them
from any interest in the land, was erroneous, and for
this reason must be reversed, and the case remanded
for further proceedings.