Huff v. Staus.

Error from Rawlins district court; A. C. T. GEIGER, judge. Opinion filed October 10, 1900. Affirmed.

*Frederic D. Fuller*, for plaintiff in error.

*Dempster Scott*, for defendants in error.

---

## I. M. HUFF AND ANNIE HUFF v. CONRAD STAUS.

### No. 191.    (62 Pac. 548.)

PROMISSORY NOTE—*Medium of Payment.* The quarterly instalments of interest upon a promissory note in form as follows are payable in money:

"$500.00.                    ALMENA, KAN., October 2, 1895.

"On or before the 1st day of January, 1899, I promise to pay to the order of C. S. five hundred dollars, in lawful money of the United States, or in alfalfa seed thrashed, fanned, sacked, and delivered in Almena, Kan., at five dollars per bushel, at the option of the maker hereof, with interest at the rate of seven per cent. per annum from date. Interest payable quarterly; not more than one note to be paid in that year."

Error fron Norton district court; A. C. T. GEIGER, judge.   Opinion filed October 10, 1900.   Affirmed.

*J. T. Reed*, for plaintiffs in error.

*C. D. Jones*, and *C. A. Lewis*, for defendant in error.

The opinion of the court was delivered by

McELROY, J. : This action was brought on the 31st day of October, 1898, by Conrad Staus against the Huffs in the district court of Norton county, for the recovery of $1500, with interest, alleged to be due upon three several promissory notes, and for the further sum of $68.74, on account of taxes paid by the mortgagee upon the premises, and for the foreclosure of a real-estate mortgage given to secure the payment of the notes.   The defendants answered : (1) A general denial ; (2) admitting the execution and delivery of the notes and mortgage ; (3) denying that the notes or either of them were due ; and (4) alleging that defendants tendered to the plaintiff interest, when due, in alfalfa seed.

The plaintiff's reply was a general denial, together with the allegation that at the time of the execution of the notes it was the intention of the parties that the interest should be paid in money ; that such interpretation was put on the contract by all the parties thereto at all times up to October, 1897, by the payment of interest, when due, in money.

A trial was had, which resulted in a judgment for the plaintiff and against the defendants, in the sum of $1725, and for the foreclosure of the mortgage and sale of the mortgaged premises.   The defendants filed their motion for a new trial, which was overruled, and present the record to this court for re-

view, alleging error in the proceedings of the trial court: First, that the court erred in the admission of testimony; second, in sustaining defendants' demurrer to the evidence; third, in overruling their motion for a new trial.

Upon the trial, it was admitted by the defendants that the taxes on the mortgaged property for the years 1895, 1896 and 1897 were not paid until July 27, 1898, and that they were then paid by the mortgagee, the plaintiff in the trial court.

The notes upon which the action was founded read as follows:

"$500.00.        ALMENA, KAN., October 2, 1895.

"On or before the 1st day of January, 1899, I promise to pay to the order of Conrad Staus five hundred dollars, in lawful money of the United States, or in alfalfa seed thrashed, fanned, sacked, and delivered in Almena, Kan., at five dollars per bushel, at the option of the maker hereof, with interest at the rate of seven per cent. per annum from date. Interest payable quarterly; not more than one note to be paid in that year."

The other notes are the same, except that they mature according to their terms on January 1, 1900, and January 1, 1901.

The conditions in the mortgage which, it is claimed, made the whole debt due at the time the action was brought, read:

".    .    . But if said sum or sums of money, or any part thereof, or any interest thereon, is not paid when the same is due, and if the taxes and assessments of every nature which are or may be assessed and levied against said premises or any part thereof are not paid when the same by law are made due and payable, then the whole of said sum and sums and interest thereon shall, and by these presents, become due and payable, and said party of the second part shall be entitled to the possession of said premises."

The interest on these notes was paid in cash up to and including a part of the last quarter due in 1897. About January 1, 1898, the defendants tendered payment of the interest due in alfalfa seed. Thereafter, from time to time, as interest payments were due according to the terms of the notes, the defendants tendered payment in alfalfa seed, and insisted that the same was payable at their option in that manner. The plaintiff declined to receive alfalfa seed in payment of the interest due, insisting that the interest, under the terms of the contract, was payable in money.

The plaintiffs in error in their brief say:

"We think that under the record the question as to whether the interest and principal were paid up to the time of the commencement of this action, and whether the plaintiff's cause of action had accrued at that time, depends upon whether plaintiffs in error herein had the option to pay the interest and principal in alfalfa seed."

This appears to us to be a correct statement of the case. If plaintiffs in error, under the terms of the contract, had the option to pay interest in alfalfa seed, then they complied or offered to comply with the contract; but if they were bound to pay the interest as it matured in money, then there was a default in the payment of interest, which, in connection with the default in the payment of the taxes, under the terms of the mortgage, would work a maturity of the notes. (*Lewis v. Lewis*, 58 Kan. 563, 50 Pac. 454.) There is no dispute between the parties but that the plaintiffs in error had a right under the contract to pay the face of the notes in alfalfa seed at the agreed price of five dollars per bushel, but an examination of the note fails to show any such option as to the payments of interest. The payment of interest must always be made in lawful money, unless by the agreement of the

parties some other manner of payment is stipulated. The contract under consideration is clear, definite, and certain—"with interest at the rate of seven per cent. per annum from date.  Interest payable quarterly." It is contended, however, that if the notes had been grammatically construed there would be no doubt but that plaintiffs in error would have had the option of payment in alfalfa seed.  We are not considering the contract in the light of any other construction than that which the language reasonably imports.  The notes, as set out, contained the contract of the parties.  The plaintiffs in error do not seek to reform their contract, but accept the contract as it is.  Under the terms of the contract as set out, the plaintiffs in error were in default in the payment of interest, a portion of the amount due, and in the payment of taxes.  These defaults, under the terms of the mortgage, rendered the whole debt due.

The defendant in error, the plaintiff below, offered testimony tending to show that the parties agreed orally, prior to the time when the contract was reduced to writing, that the interest should be paid in money.  This testimony was improperly admitted. If it was offered for the purpose of contradicting or varying the terms of the written contract, it was incompetent; but if the contract for the payment of interest required, as we believe, a money payment, the evidence did not tend to contradict or vary its terms. Upon the other hand, if it was offered as tending to show the real intention of the parties to the contract, it was immaterial.  The contract as expressed in the writing needed no explanation.  The error in the admission of evidence, therefore, did not prejudice the rights of the defendants.

The judgment is affirmed.