THE CITY OF IOLA v. TILLMAN BIRNBAUM.

No. 14,179. (81 Pac. 198.)

SYLLABUS BY THE COURT.

1. DAMAGES—*City Answerable for Any Bodily Injury by a Mob.* The statute providing for the recovery of damages against cities on account of the acts of mobs, "whether such damages shall be loss of property or injury to life or limb" (Gen. Stat. 1901, sec. 2501), applies to all bodily injuries, and is not limited to such as result in death or the loss of a limb.

2. ——— *Inability to Prevent Injury Not a Defense.* It is no defense to an action brought under that statute to show that the city was unable to prevent the injury.

3. ——— *Statute Not Repugnant to Federal Constitution.* Such statute is not obnoxious to the constitutional prohibition against depriving any person of property without due process of law.

Error from Allen district court; OSCAR FOUST, judge. Opinion filed June 10, 1905.    Affirmed.

*Travis Morse,* for plaintiff in error.

*William H. Thompson,* and *Thompson & Thompson,* for defendant in error.

The opinion of the court was delivered by

MASON, J.:    Tillman Birnbaum recovered a judgment against the city of Iola for personal injuries received by him at the hands of a mob, and the city prosecutes error.    Several of the assignments of error relate to rulings made at the trial, and cannot be considered upon their merits for the reason that the only motion for a new trial that was filed made no reference to them, either specifically or in general terms.    Complaint is made of the language used by the plaintiff's attorney in addressing the jury, but it cannot be entertained, for no objection was made or order asked with regard to it at the time.    (*Kansas City v. McDonald,* 60 Kan. 481, 57 Pac. 123, 45 L. R. A. 429; *C. B. & Q. R. Co. v. Krayenbull,* 98 N. W. [Neb.] 44; *Jenkins v. Chism,* 76 S. W. [Ky.] 405; 2 Encyc. Pl. & Pr. 753.)

The petition alleged that members of the mob used threatening and abusive language to plaintiff, some of which was set out in full.    The defendant moved to strike out all such allegations, and complaint is made of the denial of the motion.    Granting that the allegations were irrelevant, no reason is advanced for believing that they resulted in any prejudice, and none is apparent.    Therefore, the failure to strike them out affords no ground for reversing the judgment.    (21 Encyc. Pl. & Pr. 239, 240; *Smythe v. Parsons,* 37 Kan. 79, 14 Pac. 444.)

In the answer it was alleged that the defendant had no notice of the existence of the mob, and no opportunity to control it.    In response to this the plaintiff pleaded in his reply that the attack upon him was so

sudden and unexpected that he was unable to communicate with the city officers before his injuries occurred, and that if he had done so it would have availed him nothing, because the officers were in sympathy with the mob. A motion was made to strike this matter from the reply, and the denial of the motion is assigned as error. The allegations objected to were plainly very far outside of any proper issues in the case, but the defendant has no standing to complain of their presence, for they were inserted merely in avoidance of a foreign issue which the city had tendered and to which they were responsive.

Three general propositions of law are urged by the plaintiff under various assignments of error, any one of which, if sound, would require the reversal of the judgment. They are: (1) That a city is not liable for any injury done by a mob to the person not involving the loss of life or limb; (2) that the statute should not be construed to impose a liability upon a municipal corporation for any damages done by a mob excepting such as it was able to prevent; (3) that if so construed the statute is void as depriving taxpayers of their property without due process of law. The statute in question reads:

"All incorporated cities and towns shall be liable for all damages that may accrue in consequence of the action of mobs within their corporate limits, whether such damages shall be loss of property or injury to life or limb." (Gen. Stat. 1901, § 2501.)

It is argued that the purpose of the last clause is to exempt the city from liability for injuries to the person less serious than mayhem. We think its purpose is rather to guard against a possible construction that should confine its operation solely either to injuries to property or to injuries to the person. The damages designated are not only those resulting from the destruction of life or limb, but those resulting from any injury to either—that is, from any bodily hurt.

"The right to life may be invaded, without its destruction.   .   .   .   The right to life includes the right of the individual to his body in its completeness and without dismemberment." (*Bertholf v. O'Reilly,* 74 N. Y. 509, 515, 30 Am. Rep. 323.)

"The inhibition against its deprivation extends to all those limbs and faculties by which life is enjoyed." (Field, J., in *Munn v. Illinois,* 94 U. S. 113, 24 L. Ed. 77.)

The right to recover damages from municipalities on account of the acts of mobs is purely statutory, and whether it is affected by the want of power or opportunity on the part of the public officers to guard against the injuries done depends upon the terms of the statute by which it is conferred. (20 A. & E. Encycl. of L. 1206.)   The Kansas statute is so explicit as to leave little room for construction, but this court has already given it an interpretation by approving an instruction that "it makes no difference whether the loss of property or the injury to life or limb, by such actions of mobs, might have been prevented or not." (*City of Atchison v. Twine,* 9 Kan. 350.)   Even when so construed the statute is a valid enactment, and does not effect a deprivation of property without due process of law. (*City of Chicago v. Cement Co.,* 178 Ill. 372, 53 N. E. 68, 45 L. R. A. 848, 69 Am. St. Rep. 321.)

The judgment is affirmed.

All the Justices concurring.