No. 28,572.

THE MACHINERY & SUPPLY CORPORATION, *Appellant,* v. THE EUTERPE MINING COMPANY, *Appellee.*

No. 28,573.

THE JOPLIN ARMATURE WORKS, *Appellant,* v. THE EUTERPE MINING COMPANY, *Appellee.*

(276 Pac. 69.)

Opinion filed April 6, 1929.

*Al F. Williams, Don H. Elleman,* both of Columbus, and *A. W. Thurman,* of Joplin, Mo., for the appellants.

*C. D. Ashley, R. O. Mason* and *C. B. Skidmore,* all of Columbus, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: In each of these actions the plaintiff seeks to recover for electrical machinery rented to the defendant for use in the mine operated by it and destroyed by fire while in its possession and being used by it. Judgment in each action was rendered in favor of the defendant, and each of the plaintiffs appeals.

The facts are so nearly identical that it is unnecessary to state them in but one of the cases. They are shown in the findings of fact and conclusions of law made in *Machinery and Supply Corp. v. Euterpe Mining Co.,* as follows:

"1. The court finds from the evidence herein that the plaintiff at all times mentioned herein was a corporation engaged in the rental and sale of, among other things, electrical machinery, and that the defendant at all times mentioned herein was a corporation engaged in mining lead and zinc ores near

Baxter Springs, Kansas, in Cherokee county, Kansas, and was operating a mine known as the Euterpe mine in that locality; that the southern part of Cherokee county, Kansas, and that portion of Cherokee county, Kansas, in which the Euterpe mine is located is commonly known and designated as a part of the Tri-state mining district or Tri-state mining field, which said field is made up of portions of Missouri, Oklahoma and Kansas.

"2. That on or about the 6th day of January, 1925, the defendant verbally rented from the plaintiff herein one 100 H. P. G. E. motor, 3 phase, 25 cycle, 220 volt, 720 R. P. M., serial No. 576591; one 60-75 H. P. 6 G. E. starting compensator, type N. R. 2705 J 3-p-1, and one potential transformer No. 462172, which said machinery was then of the reasonable market value of $1,145, and agreed to pay $60 per month for the rental thereof. That said machinery was installed at the mill of the defendant near Baxter Springs, Kan., and that the transportation expense from the place of business of the machinery and supply corporation to the Euterpe mine and the cost of installment of the machine was paid for by the Euterpe Mining Company.

"3. That on or about the 11th day of February, 1925, the mill of the defendant at the Euterpe mine in which said machine had theretofore been installed was destroyed by fire of unknown origin, together with the bailed machinery which is the subject of this action, and that said fire occurred without fault or negligence on the part of the defendant.

"4. That there was at the time of the bailment aforesaid a custom and usage in what is commonly known as the Tri-state mining district, which included that portion of Cherokee county in which the Euterpe mine is situated, between persons and corporations engaged in the same business that plaintiff and defendant were engaged in, that like property rented under the same or similar circumstances should be returned and delivered to the place of business of the rentor in as good condition as when rented, save usual, ordinary wear and tear, and that the rentee should pay for damages to such machinery other than ordinary wear and tear, and that in case of and upon destruction of such machinery that the rentee should pay the fair and reasonable value of such machinery, and that said custom and usage aforesaid further required the rentee to pay the freight and cartage both ways, and that said custom and usage aforesaid was a well-known and defined custom and usage and was so understood by the dealers and mine operators engaged in the same business as plaintiff and defendant were engaged in at the said time.

"5. That in the bailment contract aforesaid between the plaintiff and defendant hereto there was nothing said about and no agreement as to who should be responsible for the machinery aforesaid in case of its destruction by fire or any other cause.

"And the court further, upon the evidence aforesaid, makes the following

"CONCLUSIONS OF LAW.

"1. That it is a well-settled rule of law that where a bailment is for mutual benefit the bailee in the absence of special contract is held to the exercise of ordinary care of the subject matter thereof, and is responsible only for ordinary negligence, and is not held as an insurer of the chattel which is the subject of the bailment.

"2. Who should be responsible for the loss of the motor in case of fire was entirely collateral to the bailment contract. It was not necessary to agree upon that in order to make effective the contract for the renting of the motor. This being collateral, it necessarily follows that evidence of custom is incompetent and cannot be considered in the determination of this case.

"3. The well-settled rule of law of bailments governs in this case and in absence of a special contract concerning the liability in case of loss, the plaintiff, in order to recover, must show that the loss of the motor was caused by the negligent act of the defendant.

"4. That the defendant should take judgment in this action.

"It is therefore by the court considered, ordered and adjudged that the plaintiff take nothing, and that the defendant recover of and from the plaintiff herein its costs herein." .

In *Joplin Armature Works v. Euterpe Mining Co.* there was another finding of fact concerning a letter written to the defendant, but which is not necessary to be considered in arriving at a conclusion concerning the matters presented on these appeals.

The cases turn on the following question: Does the existence of the custom concerning payment for machinery destroyed while being used and in the possession of the person to whom it has been rented control?

In 6 C. J. 1121 the rule is stated to be that—

"Where a bailment is for mutual benefit, the bailee, in the absence of special contract, is held to the exercise of ordinary care in relation to the subject matter thereof and is responsible only for ordinary negligence. In the absence of special agreement the bailee is not an insurer of the chattel intrusted to his care, and is not responsible for losses resulting from dangers necessarily incident to its use, from infirmity of the article itself or the act or negligence of a third person, or from accident, without negligence on his part."

The plaintiff argues that the custom prevailing in the Tri-state district controls instead of the rule of the common law as stated in Corpus Juris.

In *Henderson v. Petroleum Co.*, 104 Kan. 653, 180 Pac. 228, the court declared that—

"In an action to recover for the value of well-drilling tools which were destroyed by fire, it was shown that plaintiffs agreed to drill an oil-and-gas well for the defendant and were to receive $1.75 a foot, and $60 a day for day work, which included underreaming, pulling the pipes, cleaning out, and work of that kind. Nothing was said about the responsibility of either party for losses of tools by fire or otherwise. *Held*, that in such an action it is incompetent to prove an alleged general usage and local custom throughout the oil fields of Kansas that when drillers are working for and under the direction of

the owner of the well being drilled, the latter is responsible for losses of the driller's tools resulting from fires." (Syl.)

In the opinion of that case this court said:

"Well-known principles of law governed the rights of the parties in the present case. In the absence of a special contract covering the matter, the plaintiffs, in order to recover against defendant, would have been obliged to show that the injury or destruction of the tools was caused by some negligent act of the defendant. They could not by proof of a local custom or usage impose upon the defendant a liability arising out of a collateral matter wholly outside of the contract." (p. 656.)

See the quotation from Blackstone's Commentaries set out in the opinion in *Manufacturing Co. v. Merriam*, 104 Kan. 646, 652, 180 Pac. 224. See, also, *U. P. R. W. Co. v. Rollins*, 5 Kan. 167, 175; *Smythe v. Parsons*, 37 Kan. 79, 82, 14 Pac. 444; *Clark v. Allaman*, 71 Kan. 206, 232, 80 Pac. 571; *Atkinson v. Kirkpatrick*, 90 Kan. 515, 135 Pac. 579; *Hezlep v. Oil & Gas Co.*, 112 Kan. 661, 665, 212 Pac. 881; *Bellport v. Harrison*, 123 Kan. 310, 315, 255 Pac. 52.

Custom without specific contract cannot overturn rules of law.

The judgments are affirmed.