*G. B. Chandler*, for defendant,
*I. Fletcher*, for plaintiff.

CALEDONIA,
*March,*
1833.

Moore
vs.
Kelley.

---

JOSIAH SHED *vs.* SEEVY GARFIELD et al. Also, SEEVY GARFIELD et als. vs. said JOSIAH SHED. A CROSS BILL.

IN CHANCERY,

CALEDONIA,
*March,*
1833

That a Bill of foreclosure need not allege, that the mortgagor had any title to the premises mortgaged.

That a demurrer to a bill in Chancery, which is well taken as to some point or points, therein named, but not well taken as to others, must be overruled in toto.

That a bill, which wholly omits the interrogating part, is, for that reason, defective.

That a demurrer to a discovery of usury, charged in a bill, must be allowed, unless the person demurring waives the forfeiture, and seeks only to be relieved against the usurious part.

That the Court will not admit a plea of usury, presented, out of time without a waiver of the forfeiture.

The Orator, Josiah Shed, brought his Bill of foreclosure to the last term of this Court, which was continued for plea, answer, &c. under the general rule of this Court. The respondent filed a demurrer and and plea, after the time had expired. The orator made no objection to receiving the demurrer, but objected to the Courts receiving the plea.

The demurrer assigned two causes. 1st. That the Bill had not alledged that Garfields wife, who had executed the mortgage with her husband, had any interest in the land mortgaged. 2d. That the Bill was defective, by including no interrogatories to the respondents and thereby precluding them from their answer under oath. The citation, served upon the defendants, called upon them to appear and answer to the Bill in the usual form. These defendants also brought their cross Bill to this present term, reciting the substance of the original Bill, and charging, that the note therein described, was usurious: also charging sundry payment, not indorsed upon the note, secured by the

Shed
vs.
Garfield, et al.
ALSO,
Garfield et al.
vs.
Shed.
A Cross Bill.

mortgage; and praying for a discovery upon both points. Josiah Shed, the defendant in said cross Bill, demurred to that part of it, which sought a discovery of the usury. These both came on to a hearing together, and were concisely argued by the Solicitors.

On the last day of the term, the decree of the Court was pronounced by Hutchinson, Chancellor, as follows. The Court discover no validity in the first cause assigned in the demurrer to the original bill. The allegation, that the defendant signed, sealed, acknowledged and delivered the deed, is sufficient, without averring any title in the grantors. They are estopped, by their deed, from denying their title : and the Orator has a right to a foreclosure against them, whatever may be their title, or claim of title. If they have no title, at the giving of the mortgage deed, the decree may be of no avail to the Orator. But the grantors have no right to object on this account. With regard to the other objection to the original bill, it appears probable, that both parties entertained an incorrect view of the subject. It appears probable, from a view of the allegations of both parties, that the Orator designedly omitted to propose interrogatories, through fear, that the answers of the defendant's would disclose the usury, and the oath of the defendants to such answer would be obligatory upon the mortgagee. This is not so. The Orator might propose such interrogatories as he might wish answered, and, if the answers disclosed usury in the original contract, a traverse of the answers would drive the defendant to their proof; and their oath to such a distinct matter, set up in defence, would not aid in proving the answers. On the other side, too, the defendants were not deprived of their privilege of answering upon oath the matters alleged in the Bill, as they contend in argument. They were summoned to appear and answer to the Bill. Their answer, upon oath, might deny every material allegation of the Bill, and put the Orator to the necessity of proving the whole. Or, they might set up any defence they pleased, by plea or answer. It seems, by the second of Swift, cited in argument, that the practice in Connecticut is frequently to rely upon common law proof in Chancery proceedings, and not call upon the defendants to answer upon oath. This practice is rather sanctioned by

the reasoning of the Chancellor in the case cited in Cowen, by these defendants. The doctrine there laid down is, that the orator need not appeal to the oath of the respondent, to prove such facts, as he can prove by other testimony; but may so appeal if he chooses.

But there are cases, in which the discovery sought, and the allegation of the want of other testimony to prove the parts, necessary for relief, alone give jurisdiction to a Court of equity. In such cases, an omission of the interrogatories in the Bill must of course be fatal, and we do not feel willing to dispense with them in any case. They make a part of all the forms, that come to us from the English practice; and that practice has prevailed in this state; and is almost confirmed by our statute. If the demurrer had been taken for this defect only, the same must have been allowed. But this demurrer covers other grounds not tenable. The first objection has been already overruled. And a demurrer in Chancery must either stand or fall intire. This demurrer is overruled, and the defendant must answer over.

The cross Bill charges usury in the original contract, and seeks a discovery of this usury, without waiving the penalty, of the statute. If the orators had, in their cross Bill, waived the penalty, and merely sought to avoid the usurious part of the contract, the demurrer must have been allowed. But they have no right to such a discovery, as would render the note void by statute. This demurrer is allowed, and the defendant in the cross Bill must answer only to the remaining parts of it.

A question was now raised, whether the Court would compel the orator in the original Bill to meet the plea, filed after the time for such filing had elapsed. The Court refused to admit the plea, saying they would not aid the defendants to set up a defence, which would defeat the whole note, when they had neglected to plead within the rules. If they would claim the forfeiture of the note, they must present their defence according to their right, and not depend upon gaining any indulgence from the Court. If they are content to avoid the usurious part only, they are entitled to the same favorable considerations, in presenting their defence, which are usual in dispensing with a strict compliance with the rules in other Chancery cases.

*Messrs. Bloss and J. Mattocks*, for Shed.
*Messrs. Burbank and Fletcher*, for Garfield et al.