M. B. KELSO v. HARRY P. NORTON *et al.*

No. 14,718.   (87 Pac. 184.)

ALFRED W. MCMURRAY v. HARRY P. NORTON *et al.*

No. 14,689.

SYLLABUS BY THE COURT.

1. JURISDICTION—*Seal of Court Omitted from Summons—Void Service.* A summons issued by the clerk of a district court without being authenticated by the seal of the court is void, and service thereof will not confer jurisdiction upon the court.

2. JUDGMENT—*Void for Want of Jurisdiction—Collateral Attack.* Any judgment rendered or other action taken by a court without jurisdiction is a nullity and open to attack collaterally as well as directly.

3. MORTGAGES—*Redemption from Void Foreclosure—Adjusting Equities.* In an equitable suit to redeem real estate from a sale under void foreclosure proceedings, where redemption is permitted, the equities of the parties will be adjusted in accordance with their rights as mortgagor and mortgagee, the same as if the foreclosure suit had not been commenced.

4. ―――― *Interest Recoverable on Taxes Paid by Mortgagee.* In an accounting between mortgagor and mortgagee, in an equitable suit to redeem real estate from void foreclosure proceedings, the mortgagee is entitled to recover interest on taxes paid by him after taking possession under such proceedings at the rate of twelve per cent. per annum from date of payment, as provided by section 148 of the tax laws, being section 7691 of the General Statutes of 1901.

5. ―――― *Judgment Lien-holder Not a Necessary Party to a Suit to Redeem.* The object of an equitable suit to redeem real estate from void foreclosure proceedings is to adjust equities between the mortgagor and mortgagee, and the mere holder of a judgment lien upon the land sought to be redeemed is not a necessary party to the complete determination of the controversy involved in the suit.

Error from Osage district court; ROBERT C. HEIZER, judge. Opinion filed October 6, 1906. No. 14,718 modified; No. 14,689 affirmed.

### STATEMENT.

JULY 16, 1887, H. E. Norton, who resided in Lyon county, owned land in Chase county. At that date he was indebted to M. B. Kelso in the sum of $2100, to secure which he and his wife, Helen R. Norton, executed a mortgage on the Chase county land. No payments having been made on the debt, Kelso commenced a suit in the Chase county district court, September 13, 1889, to foreclose his mortgage. A summons was issued in that suit, which was served personally upon Norton and his wife in Lyon county. Judgment and decree of foreclosure were taken against the defendants upon default. The land was sold under the decree and purchased by Kelso, who obtained a sheriff's deed and entered into the possession of the land, and thereafter claimed to be the owner thereof by virtue of such conveyance.

Afterward both Norton and his wife died, leaving the defendants in error, at that time minors, their sole surviving children and heirs at law. When the children reached the age of majority they brought an action of ejectment against Kelso to recover possession of the land, claiming that the summons issued in the foreclosure suit and served upon their parents did not have the seal of the court affixed thereto, and that therefore the foreclosure proceedings, including the sheriff's deed, were void. They obtained a judgment against Kelso for possession of the land, which judgment was reversed by this court in the case of *Kelso v. Norton,* 65 Kan. 778, 70 Pac. 896, 93 Am. St. Rep. 308. In that case this court held that the remedy of the Norton heirs was in an equitable suit for redemption and not in ejectment.

Afterward, in November, 1903, the defendants in error commenced this suit in the district court of Chase county, which was transferred to Osage county for trial. The district court of Osage county entered a de-

cree permitting the Nortons to redeem upon payment of a sum stated. Plaintiff in error Kelso now asks that this decree be reversed. Upon the trial the district court filed findings of fact and conclusions of law, in which it found that no seal was affixed to the summons served upon the Nortons in the foreclosure suit and that they were not otherwise served with process.

It appears that a summons was found among the papers in the case which had been regularly served upon the defendants by the sheriff of Lyon county, and duly returned. It does not appear that any other or further summons was issued. This summons was presented to the trial court for inspection, together with an impression of the seal of the court made on another paper in the same case at or near the date of the issuance of the summons.

There is nothing before this court but a transcript of the record and proceedings had before the trial court. The journal entry of foreclosure contains the following recital:

"The defendants failing and neglecting to appear either in person or by attorney, although personally served with summons, and defaulted in answer to the petition and claims of the plaintiff herein."

The order of confirmation of sale had in the suit contains the following recital:

"And the court having carefully examined the proceedings, including the order of sale and the return thereon, is satisfied that the said sale was made in all respects in conformity with law," etc.

For several years after Kelso took possession of the land under his sheriff's deed he paid the taxes thereon, and the court in the accounting taken to ascertain the amount due to Kelso only allowed six per cent. interest on the taxes so paid, while he claims to be entitled to twelve per cent. under section 7691 of the General Statutes of 1901, which reads:

"In cases where lands are mortgaged, if the mort-

gagor fails or neglects to pay the taxes, or in case said mortgagor permits any land so mortgaged to be sold for any taxes, the mortgagee may pay said taxes or redeem any land so sold for taxes. And on the payment of any such mortgage, or in the action to enforce the same, such mortgagee may demand the taxes so paid, with interest thereon at the rate of twelve per cent. per annum, or include them in any judgment rendered on the mortgage; and any taxes so paid by any mortgagee shall be a lien on such land so mortgaged until the same be paid."

November 13, 1904, one Alfred W. McMurray recovered a judgment in the district court of Chase county against the defendants in error herein for the sum of $500, and on the 22d day of November, 1904, he made application to the district court of Osage county to be made a party to the case of Norton against Kelso and permitted to file an interplea therein, that he might protect his interest as the holder of a judgment lien against the interest of the Nortons in the land in controversy in that suit. This application was denied, and McMurray brings that ruling of the court here for review. Both cases have been submitted together, and will be so considered.

*Bishop Crumrine,* for plaintiff in error M. B. Kelso; *E. S. Waterbury,* for plaintiff in error Alfred W. McMurray.

*W. A. Randolph,* for defendants in error.

The opinion of the court was delivered by

GRAVES, J.: Plaintiff in error Kelso insists that the recital in the judgment, "although personally served with summons," and the order of confirmation, together with the presumption which usually obtains in favor of the judgments of courts of general jurisdiction, constitute *prima facie* proof that a sealed summons was served upon the defendants in the foreclosure suit, which is not overcome by the evidence presented in this case. In view, however, of the op-

portunity which the trial court had to examine the original summons, and compare it with an impression made by the seal of the court in use at the time the summons was issued and near the date thereof, we feel bound by the court's finding that the only writ served upon the defendants in the foreclosure suit had no seal affixed thereto.

Kelso also urges that, even if the summons was without a seal, the absence thereof is unavailing in a collateral proceeding. This court has held that a summons having no seal is void, and service thereof will not confer jurisdiction. (*Dexter v. Cochran,* 17 Kan. 447; *Lindsay v. Comm'rs of Kearny Co.,* 56 Kan. 630, 44 Pac. 603; *Gordon v. Bodwell,* 59 Kan. 51, 51 Pac. 906, 68 Am. St. Rep. 341; *Taylor v. Buck,* 61 Kan. 694, 60 Pac. 736, 78 Am. St. Rep. 346; *Stouffer v. Harlan,* 68 Kan. 135, 137, 74 Pac. 610, 64 L. R. A. 320, 104 Am. St. Rep. 396.) It has also held that a judgment or other proceeding of a court not having jurisdiction is a nullity, and may be attacked at any time, collaterally as well as directly. (*Mastin v. Gray,* 19 Kan. 458, 27 Am. Rep. 149; *Meixell v. Kirkpatrick,* 28 Kan. 316; *McNeill v. Edie, Sheriff, etc.,* 24 Kan. 108; *Amsbaugh v. Exchange Bank,* 33 Kan. 100, 105, 5 Pac. 384; *Olson v. Nunnally,* 47 Kan. 391, 28 Pac. 149, 27 Am. St. Rep. 296.) We are unable, therefore, to say that the trial court erred in finding the foreclosure proceedings void, or in permitting the defendants in error to redeem.

We think the court erred, however, in allowing only six per cent. interest on the taxes paid by Kelso after the date of the sheriff's deed. We do not concur in the contention of the defendants in error that these taxes were paid by Kelso as owner, and not as mortgagee. The defendants in error invoked a remedy purely equitable. They asked the court to set aside and ignore the entire foreclosure proceedings, including the sheriff's deed, as void. They asked that an accounting be taken between them and Kelso, on the basis that he was

in possession under his mortgage and not by virtue of
a sheriff's deed. To grant the relief prayed for it was
necessary to adjust the rights of the parties upon the
assumption that no foreclosure proceedings were ever
commenced and that the relation of mortgagor and
mortgagee had at all times existed between them. In
this view the rights and duties of Kelso must be meas-
ured by his mortgage. The defendants in error offered
to redeem the land by payment of the mortgage debt,
and they should not be permitted to regard the fore-
closure proceedings as valid for one purpose and in-
valid for another.

The statute relating to a mortgagee's right to pay
taxes when the mortgagor neglects to do so was as
much a part of the mortgage as if it had been written
therein, and all payments of taxes made by Kelso
should be regarded as payments by him as mortgagee,
that being his only relation to the land. It would be in-
equitable to deprive him of any part of his security
merely because he erroneously supposed himself to be
the owner of the land.

In the case of *McMurray v. Norton et al.*, No. 14,689,
submitted with this case, we are unable to say that the
district court erred in refusing to permit McMurray to
be made a party to this suit. He was not a necessary
party to the complete determination of the contro-
versy involved, and his rights could not be injuriously
affected by the result of that suit. The judgment
under which McMurray claims is a mere statutory
lien upon whatever interest the Norton heirs may
have, if any, in the land which they are seeking to
redeem. If such an interest is uncovered and estab-
lished in that suit, McMurray can reach it with an
execution. Otherwise, if he thinks such an interest
exists, he can cause it to be sold at execution sale, and
whoever buys at such sale will be the owner of such
interest and possess all the rights of the original mort-
gagor. Such a person might be in a position to invoke

relief in an equitable suit to redeem, but a mere lien-holder is not. The only function of an equitable suit to redeem is to adjust equities between a mortgagor and mortgagee, and these are the only necessary parties to such a case.

The judgment of the district court permitting the defendants in error in case No. 14,718 to redeem is affirmed. The court is directed to amend its judgment so as to make the aggregate amount to be paid by the defendants in error the sum of $3954.35, with interest from July 10, 1905, at the rate of eight per cent. per annum until paid. The costs in both courts will be divided between the parties equally.

The order of the court refusing to permit A. W. McMurray to be made a party is affirmed.

All the Justices concurring.