No. 18,887.

THOMAS B. PORTER, SR., *Appellee,* v. CHAS. T. SCHROLL
et al. (EDNA S. WOOD, *Appellant*).

SYLLABUS BY THE COURT.

1. MORTGAGE STIPULATION—*Default of Mortgagor—Failure to Keep Property Insured — Right of Foreclosure.* Where a mortgage contains distinct clauses wherein the mortgagor covenants to pay the debt which it secures according to the terms of an accompanying promissory note and to procure and maintain insurance upon the buildings upon the mortgaged land; and also contains a clause that upon failure to comply with any of the foregoing conditions or agreements the whole sum secured by the mortgage shall become due without notice, a breach of the agreement respecting insurance accelerates the time of payment, the debt becomes due at the option of the owner of the mortgage, and foreclosure may be maintained.

2. PLEADINGS—*Mortgage Stipulation — Foreclosure — Sufficient Petition.* A petition which sets out a copy of the mortgage with conditions as stated above and alleges failure to keep the covenant respecting insurance states a cause of action, although there is nothing then due upon the note according to its terms.

Appeal from Hamilton district court; WILLIAM H. THOMPSON, judge. Opinion filed November 14, 1914. Affirmed.

*George Getty,* of Syracuse, for the appellant.

*H. O. Trinkle,* of Garden City, for the appellee.

The opinion of the court was delivered by

BENSON, J.: In an action to foreclose a mortgage it was alleged in the petition that the defendant, Edna S. Wood, claimed to own an interest in the mortgaged premises, the nature of which was unknown to the plaintiff, but which was inferior to his rights. The appellant demurred to the petition and the demurrer was overruled. Error is assigned upon this ruling. The mortgagors made default.

The mortgage contained conditions whereby the mortgagors agreed substantially as follows: first, to pay a promissory note which was described; second, to pay taxes when due and insurance premiums as provided in a following clause; third, to keep buildings and improvements in good repair; fourth, to procure and maintain a policy of insurance on the buildings to the amount of $2500, to be held by the mortgagee as additional security. The fifth condition, here recited in full, is:

"Said parties of the first part hereby agree that if the maker of said note shall fail to pay or cause to be paid, any part of said money, either principal or interest according to the tenor and effect of said note and coupons, when the same shall become due, or to conform to or comply with any of the foregoing conditions and agreements the whole sum of money hereby secured shall, at the option of the legal holder or holders thereof, become due and payable at once without notice."

Nothing was due on the note when this suit was commenced, except as provided in the mortgage.

The petition recites the covenant to insure, and then states:

"And this plaintiff complains that defendants have failed to keep their covenant in this behalf, to the jeopardy of the rights of this plaintiff in the premises."

The contention of the appellant is that the petition showed upon its face that the action was prematurely brought.

As the mortgage provided that upon failure to comply with any of the conditions the whole sum of money should become due, the agreement to insure being one of the conditions, and the breach of the condition being expressly alleged in the petition, a cause of action was stated.

The appellant cites *Lewis v. Lewis*, 58 Kan. 563, 50 Pac. 454, where it was held that where a mortgage contains covenants to pay money and to pay taxes, in

Porter v. Schroll.

order to make the whole debt due before the time for payment stated in the note, there must be a default both in the payment at the time stated, and in the payment of taxes. The covenants here, however, are in the disjunctive, and default in either is sufficient under the plain stipulations of the mortgage. It was said in the Lewis case that it was competent for the parties to stipulate that the mortgage should not be foreclosed until the happening of two or more conditions. It is equally competent for the parties to stipulate that it may be foreclosed upon the happening of one condition, and they did so stipulate in this mortgage.

The contention is that the petition was demurrable because it contained no allegation that the defendant Schroll owned the property when he made the mortgage. *Short v. Nooner,* 16 Kan. 220, is cited as supporting this view. In that case there was a failure to allege that the claim, interest or lien which the plaintiff sought to foreclose was junior or inferior to his mortgage lien. The defect in the petition in that case does not appear here.

Objection is made to the judgment rendered after the demurrer was overruled because it purports to bar the defendants from redemption on the confirmation of the sale. In one clause of the judgment the right of any defendant to redeem within eighteen months after the sheriff's sale is expressly declared. In a subsequent clause it is declared that the defendants and all persons claiming under them shall be barred and foreclosed of all title, interest and equity of redemption upon confirmation of the sale. Considering these clauses together, it is held that the right to redeem in eighteen months is given by the first clause referred to, and that the general clause providing for foreclosure on confirmation of sale does not abridge that right. It is probable that if attention

had been called to the language of the judgment in respect to redemption it would have been corrected. The interpretation now given to the judgment makes any correction unnecessary.

The judgment is affirmed.