No. 19,948.

THE UNION CENTRAL LIFE INSURANCE COMPANY, *Appellant*, v. P. H. PUCKETT, as Trustee, etc., et al., *Appellees.*

SYLLABUS BY THE COURT.

MORTGAGE—*Stipulation to Pay Taxes—Nonpayment—Right of Foreclosure.* A stipulation in a mortgage provided that if payments of principal and interest of the mortgage debt were not paid when due, or if the taxes assessed against the mortgaged property were not paid when payable, the whole debt should become due and the mortgage become subject to foreclosure at the option of the mortgagee, and that in case a default was made in the payment of taxes the mortgagee might pay the same and the mortgage should stand as security for the taxes so paid. *Held,* that a default in the payment of the taxes operated to accelerate the maturity of the mortgage debt and gave the mortgagee the right to maintain foreclosure at once; and *held further,* that the right to foreclose was not waived by the payment of the defaulted taxes by the mortgagee.

Appeal from Cherokee district court; EDWARD E. SAPP, judge. Opinion filed March 11, 1916. Reversed.

*A. H. Skidmore,* and *S. L. Walker,* both of Columbus, for the appellant.

No appearance was made for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: The Union Central Life Insurance Company brought this action to foreclose a mortgage on land in Cherokee county, given to secure a note for $2000 executed by P. H. Puckett, trustee, Percival H. Puckett and Ada L. Puckett. This appeal is taken from the judgment of the trial court sustaining the defendants' demurrer to the petition.

The petition alleged the execution by the defendants of the note and mortgage on May 23, 1911. By the terms of the mortgage the defendants agreed, among other things, to pay

when due all taxes and assessments of every nature which would become liens upon the land, and it was further provided that in case such taxes and assessments were not so paid the plaintiff might pay them and be entitled to interest thereon at the rate of ten per cent per annum, and that the mortgage should stand as security for any payments so made. The mortgage also contained the condition that upon the defendants' failure to pay any of the principal or interest when due, or to comply with any of the covenants of the mortgage, the whole sum or sums secured thereby should thereupon become due and payable at the option of the plaintiff and the mortgage be subject to foreclosure. It was further alleged that the defendants, in violation of a covenant in the mortgage, had made default in the payment of the taxes assessed on the land for 1912, and that the plaintiff on August 28, 1913, elected to and did pay the taxes with the accrued penalties thereon, amounting to sixty-three dollars and two cents; and that the defendants had also made default in the payment of the taxes for the year 1913, and the plaintiff had paid the taxes assessed for that year, amounting to sixty-six dollars and four cents. Because of these defaults the plaintiff elected to declare the whole amount of the note to be due with the accrued interest thereon, and asked for a judgment for the amount due and for a foreclosure of the mortgage given to secure the payment of the note.

The trial court sustained the demurrer to the petition on the theory that as the plaintiff had elected to pay the taxes due and unpaid the premises thereby became security for their repayment, and that the plaintiff by paying the taxes itself had waived the default of the defendants and its right to foreclose the mortgage on account thereof.

Default in the making of payments of principal or interest when due or the failure to comply with any of the covenants of the mortgage, one of which was the payment of all taxes assessed against the mortgaged land, made the whole mortgage debt due and the mortgage subject to foreclosure at the option of the mortgagee. In the failure to make payment of the taxes an unquestionable default was made by the mortgagors, and the contingency agreed upon having happened, the maturity of the debt was accelerated and the mortgagee entitled to maintain

foreclosure unless the right given had been waived. (*National Bank v. Peck*, 8 Kan. 660; *Porter v. Schroll*, 93 Kan. 297, 144 Pac. 216.)

No brief has been filed in behalf of the defendants and the ground upon which the ruling of the court was based is not shown by the record, but counsel for the plaintiff state that the demurrer was sustained by the court upon the theory that the default of the mortgagors had been waived by the action of the mortgagee in paying the taxes, as the mortgage provided that if the taxes were paid by the mortgagee the mortgage should stand as security therefor. The stipulation that the default in paying the taxes would accelerate the maturity of the debt and give a right to foreclose is not alternative to or inconsistent with the provisions permitting the mortgagee to protect his security by the payment of overdue taxes. Nothing in the stipulations of the mortgage indicates that the exercise of one option by the mortgagee shall preclude the exercise of the other. The right to foreclose for nonpayment of taxes does not depend on the condition that the taxes remain due and unpaid, but it is dependent on the contingency that the mortgagors fail to pay them in accordance with their agreement. Under the stipulations, the neglect to pay the taxes gave the mortgagee the right to begin proceedings to foreclose, and also gave him the added right to pay the taxes and include the amount in the judgment of foreclosure. The exercise of the added right did not waive the right to foreclose for the default in the payment of the taxes. (*Brickell v. Batchelder*, 62 Cal. 623; *Rasmussen v. Levin*, 28 Colo. 448, 65 Pac. 94; 27 Cyc. 1533.)

Aside from that consideration the provision in the mortgage permitting the mortgagee to pay defaulted taxes and make them a lien upon the premises is substantially the right given to the mortgagee by the statute. (Gen. Stat. 1909, § 9494.) The mortgage was made with reference to the statute, and the right to make payment would have been a part of the mortgage if it had not been written into it. This right is given to the mortgagee in order to prevent a sacrifice of the security through the neglect of the mortgagors to pay the taxes. Such a payment by the mortgagee in no way cured the breach of the covenant, which operated to mature the mortgage debt and rendered the mortgage absolute. Nor did the payment of the

taxes by the mortgagee waive the right given to it to foreclose upon the default of the mortgagors. As tending to sustain this view see *Stanclift v. Norton,* 11 Kan. 218; *Ellwood v. Wolcott,* 32 Kan. 526, 4 Pac. 1056; *Lewis v. Lewis,* 58 Kan. 563, 50 Pac. 454; *Kelso v. Norton,* 74 Kan. 442, 87 Pac. 184.

The judgment of the district court will be reversed and the cause remanded for further proceedings.