No. 22,072.

P. LUDVICKSON and C. LUDVICKSON, Partners, etc., *Appellees,*
v. THE SEVERY STATE BANK et al. (THE FIRST NATIONAL
BANK OF MEDICINE LODGE, *Appellant*).

### SYLLABUS BY THE COURT.

GARNISHMENT PROCEEDINGS — *Before Justice of Peace — Service on Defendant by Publication—Justice Acquired no Jurisdiction.* An action
was commenced before a justice of the peace of Barber county against
parties who had never been in that county, but who resided in Greenwood county; summons was issued and returned unserved, and notice
by publication was given. A bank in Barber county was garnisheed,
and it answered that it had money belonging to the parties sued.
Judgment was rendered against them; and the bank, under an order of
the court, paid into court, out of the funds in its possession, sufficient
to pay the judgment and costs. Subsequently, the parties sued commenced an action against the bank to recover the money that had been
paid into court. *Held,* that the garnishment proceedings and the judgment of the justice of the peace were void, and that payment thereunder did not protect the bank in the action to recover the money.

Appeal from Greenwood district court; ALLISON T. AYRES,
judge. Opinion filed July 5, 1919. Affirmed.

*Seward I. Field,* and *A. L. Orr,* both of Medicine Lodge, for
the appellant.

*Howard J. Hodgson,* of Eureka, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The National Bank of Medicine Lodge appeals from a judgment against it for $128.63 and interest.

The action was tried on an agreed statement of facts, which
showed that the plaintiffs were never in Barber county, but
were residents of Greenwood county; that they shipped a carload of fence posts from Severy to H. W. Skinner at Medicine
Lodge; that the plaintiffs drew a draft on Skinner for the price
of the posts, and deposited the draft with the Severy State
Bank for collection, which bank passed the draft for collection, through its Kansas City correspondent, to the First National Bank of Medicine Lodge; that the draft was presented
by the bank to H. W. Skinner, and was paid by him; that he

immediately thereafter commenced an action against the plaintiffs before a justice of the peace in Barber county, caused a summons to be issued for the plaintiffs in that county, and caused the First National Bank of Medicine Lodge to be garnisheed in that action; that the summons was returned "not found"; that the bank answered that it had $215.80 belonging to the plaintiffs; that the plaintiffs did not appear in the action at any time; that the action was continued for publication notice; that such notice was published in Barber county; that judgment was rendered against the plaintiffs for $116.83 and for $11.80 costs; that the First National Bank, in obedience to an order therefor, paid into court $128.63 of the money in its hands; and that $116.83 was by the justice of the peace paid to H. W. Skinner. The plaintiffs commenced this action to recover the $128.63 and interest thereon.

Civil actions for the recovery of money "must be brought in the county in which the defendant or some one of the defendants reside or may be summoned." (Civ. Code, § 55, Gen. Stat. 1915, § 6945.) The jurisdiction of justices of the peace is "coextensive with the county wherein they may have been elected, and wherein they shall reside," but, "in all actions against two or more defendants jointly or jointly and severally liable, and who live in adjoining counties, such action may be brought before any justice of the peace of the county wherein either of the defendants shall reside or may be summoned." (Jus. Civ. Code, § 1, Gen. Stat. 1915, § 7696.) Greenwood county does not adjoin Barber county. A person within the county where the action is brought, who is indebted to the defendant therein, may be summoned to appear before the justice of the peace to answer concerning such indebtedness (Jus. Civ. Code, § 37, Gen. Stat. 1915, § 7732), but "no garnishee summons shall be issued in any case in which the defendant is a resident of the state of Kansas, unless the action be brought in the county in which the defendant at the time resides or wherein personal service of summons may be made upon him." (Jus. Civ. Code, § 54a, Gen. Stat. 1915, § 7751.) Publication notice is provided for in garnishment proceedings, but "if the defendant be a resident of the state of Kansas, no service by publication or otherwise shall be had upon him except in the county in which he resides or wherein personal service of

summons may be made upon him." (Jus. Civ. Code, § 54d, Gen. Stat. 1915, § 7754.)

The justice of the peace was without jurisdiction of the defendants in the action before him; the summons in garnishment was issued in violation of law; and the proceedings thereon are void. "Payment under void garnishment proceedings is no defense." (12 R. C. L. 856. See, also, 20 Cyc. 1146, 1147; Drake on Attachment, 7th ed., §§ 691-696; 2 Shinn on Attachment and Garnishment, § 708; Waples on Attachment and Garnishment, 2d ed., § 926.)

"Any judgment rendered or other action taken by a court without jurisdiction is a nullity and open to attack collaterally as well as directly." (*Kelso v. Norton,* 74 Kan. 442, Syl. ¶ 2, 87 Pac. 184, and cases cited on page 446.)

*Roberts v. Hickory Camp Coal and Coke Co.,* 58 W. Va. 276, is closely analogous to the present action, and the reasoning therein is conclusive against the defendant. Numerous other decisions might be cited, but it is unnecessary to do so.

The First National Bank of Medicine Lodge is not protected by its payment under the judgment of the justice of the peace, and the judgment against that bank is affirmed.