[No. 2967.   Dec. 3, 1926.]

FRANKLIN v. HARPER

[252 Pac. 170.]

### SYLLABUS BY THE COURT

1. In foreclosure complaint, an express allegation of

[1] 21CJ p. 1068 n. 98; 41CJ p. 869 n. 50; 27Cyc p. 1598 n. 32, 33.    [2] 31Cyc p. 256 n. 28; p. 257 n. 34; p. 258 n. 50.

mortgagor's ownership of mortgaged premises is unnecessary. It is to be implied.

2. Foreclosure complaint, containing no allegation as to mortgagor's title or interest, was answered by claim of invalidity of mortgage on grounds of lack of consideration and that the property was community estate, the mortgagor's wife not having joined, to which it was replied that the mortgagor was trustee of the title for another, who authorized the mortgage and to whom the consideration ran. **Held,** that the reply was a departure and should have been stricken on motion.

Appeal from District Court, Catron County; Owens, Judge.

Suit to foreclose mortgage, brought by the First National Bank of Magdalena, continued by W. C. Franklin, as its receiver, against A. J. Harper. From a decree of foreclosure and sale defendant appeals. Reversed and remanded, with direction.

Medler & Whatley, of El Paso, Tex., for appellant.

Nicholas & Bunton, of Magdalena, for appellee.

OPINION OF THE COURT

WATSON, J. The First National Bank of Magdalena sued A. J Harper for the foreclosure of a mortgage executed by the latter. From a decree of foreclosure and sale, Harper appeals.

The complaint may be said to have been in the usual form, setting up a copy of the mortgage. From the complaint and mortgage it appears that the mortgage was given to secure pre-existing indebtedness of one Henry Coleman. A demurrer to the complaint assigned among other grounds, that the pre-existing indebtedness of third parties was not good consideration for a mortgage, and that hence the mortgage was without consideration and void.

The demurrer having been overruled, an answer was filed, in which the defenses urged in the demurrer were carried forward, and, as further defense, it was pleaded that when appellant gave the mortgage he was a married man, and that any right, title, or interest

held by him in the mortgaged property was community estate, and that the mortgage was therefore void under chapter 84, Laws of 1915.

Replying to appellant's answer, appellee alleged that appellant, at the time of giving the mortgage ,had represented to appellee that he had authority to make the mortgage; that his claim that the real estate in question was community property was greatly prejudicial to appellee, and that appellant was estopped from asserting such claim; that at the time of the making of the mortgage appellee had commenced suit against said Henry Coleman in which suit an attachment had been issued against Coleman's goods, chattels, and property, and had been levied upon the real estate in question, by reason of which attachment appellant had entered into negotiations with appellee for extension of time and opportunity to liquidate said Coleman indebtedness, and, in consideration of such extension, and of an advance of $500, had given the mortgage in question, and that by reason thereof an equitable lien and mortgage was created, binding upon the community rights of both husband and wife; and that at the time said mortgage was given appellant had represented that he had taken title by conveyance from said Coleman, not for his own use and benefit, but for the use and benefit of the said Henry Coleman, and to enable him to adjust and save the estate of said Coleman, who was so situated that he could not come to the state of New Mexico in order to look after his own affairs. The foregoing was followed by the direct allegation that appellant, in accepting title to the real estate from Coleman, was acting solely in the capacity of trustee, and had no private or personal interest in the said real estate. This reply is all found in a single paragraph.

Appellant moved to strike the reply, upon the ground that the facts therein alleged were inconsistent with the complaint, and constituted a departure therefrom, "in that by its complaint the mortgage therein mentioned and referred to was relied upon, and by its so-called reply an equitable lien is attempted to be set

up. * * * '' The motion was overruled, and the cause proceeded to trial and judgment.

At the trial appellant produced evidence to show that at the time of the conveyance by Coleman to him Coleman was a married man. The court found such to be the fact. The court further found, in accordance with the reply, that appellant had no beneficial right, title, or interest in the property, but held it merely as trustee for Coleman. Nevertheless, finding that the mortgage was given for Coleman's benefit and by his authority, he rendered judgment of foreclosure and sale.

Appellant here assigns 25 errors, and presents 9 major questions, none of which is free from difficulty, and most, if not all, of which represent legal complications growing out of the course taken by the pleadings.

[1] Appellant first contends that his demurrer should have been sustained, as the complaint sets up a mortgage void for want of consideration. He urges he did not waive it by answering over; the insuffiency of the complaint to state a cause of action being a fundamental defect, which may be raised at any time. Appellee contends that the mortgage itself imports consideration, citing code 1915, § 2181, and Flores v. Baca 25 N. M. 424, 184 P. 532. Hence, it urges, no consideration need be shown by the complaint. Appellant replies, however, that this is not a case of mere failure to recite consideration in the contract, or allege it in the complaint. Both purport to show the consideration inducing the mortgage, which consideration—the preexisting indebtedness of Coleman—was bad.

Having stated these contentions, we may pass them, since another ground of error controls the disposition of the case. Before proceeding on that ground, however, we may mention that by the reply, construed as a whole and interpreted in the light of the evidence adduced by appellee at the trial ,it appears that appellee claimed no consideration moving to Harper personally, but that the mortgage sought to be foreclosed was upon Coleman's property, to secure Coleman's indebtedness,

a further advance for Coleman's benefit, and to induce the dismissal of an attachment suit against Coleman.

Appellant's next proposition is that the court erred in overruling his motion to strike the reply as a departure from the complaint. He urges that the trial court decided the case, not upon the theory of the complaint, but upon that of the reply, and that facts found by the court and material to the decision would not have been provable under the complaint. He cites Thayer v. D. & R. G. R. Co., 21 N. M. 330, 154 P 691 In that case "departure in pleading" and tests for identifying it were carefully considered, and we are spared the necessity of going over that ground again.

It is the appellee's contention that the whole claim of departure rests upon a mistaken view of the complaint; that appellant erroneously assumes that appellee by its complaint, took the position that Harper was the beneficial owner of the property which he assumed to mortgage. It is pointed out that the complaint is barren of any allegation of title in any one, and it is urged that no such allegation is necessary, citing 27 Cyc. 1598, where it is said:

"The bill or complaint, if against the original mortgagor, need not ordinarily allege title in him, or, if it is attempted, it is sufficient to allege that he is seized and possessed of the premises in question."

We have examined the available texts, and the decisions therein cited, upon the question of the necessity of an allegation that the mortgagor had title to the property mortgaged. We do not find them very illuminating. Although there are statements to the contrary (Sielbeck v. Grothman, 248 Ill. 435, 94 N. E. 67), we find it usually stated consistently with the above quotation. 9 Ency. of Pl. & Pr. p. 373, note; Wiltsie on Mortgage Foreclosure [3d Ed.] § 338. In 19 Standard Ency. of Procedure, 954, such is said to be the rule in some jurisdictions and not in others. In Jones on Mortgages (7th Ed.) § 1453, it is said:

"The general requisites of a complaint are * * * the title of the mortgagor in the mortgaged premises. * * *"

Of the cases there cited only Sielbeck v. Grothman, supra, seems to support the statement. And the same writer, at section 1454, says:

"An allegation of the execution of the mortgage is also sufficient, without any averment of title in the mortgagor."

But we are concerned more with the reasons for the rule than with the rule itself. There are two views: First, that by the mortgage the mortgagor estops himself from denying title, and that there is a right to foreclose whatever his title, or claim of title, may be. This is the view expressed in Jones on Mortgages, § 1454 supra, and in Shed v. Garfield, 5 Vt. 39. The other view is that of Daniel v. Hester, 24 S. C. 301, where it is said:

"We do not understand' that * * * it is usual for the plaintiff to go on and allege in terms that the mortgaged premises belonged to the mortgagor, but such allegation is always involved."

This seems to be the reason approved by Wiltsie in the section cited supra. See, also, Bull v. Meloney, 27 Conn. 560; Graham v. Fitts, 53 Fla. 1046, 43 So. 512, 13 Ann. Cas. 149. Porter v. Schroll, 93 Kan. 297, 144 P. 216, merely holds such an allegation unnecessary, without giving the reason for so holding. It seems generally to be held that the allegation is unnecessary. The prevailing, and we think the better, view is that, though omitted, it is to be implied.

[2] So holding, we have this situation: Appellee sought to foreclose the mortgage on the theory—to be implied—that appellant was the beneficial owner of the property and had mortgaged it to secure another's pre-existing debt. It was answered that there was no consideration moving to the mortgagor, and that all of the mortgagor's right, title, and interest in the property was community estate, for both which reasons the mortgage was void. Appellant denies neither of these vital facts, but completely shifts its ground, and pleads, by way of reply, that it was Coleman's property, Coleman's mortgage and Coleman's consideration. Whatever doubt there might be as to whether such was the

exact theory of the reply is removed by the evidence introduced. The court entertained that theory and decided the case upon it.

It is impossible to doubt that the reply, as thus interpreted, was a departure, and that this new theory could have entered the case properly only by way of an amended complaint. Under the theory of the complaint, Harper was the real party in interest. Under the theory of the reply, Coleman was. A foreclosure sale under the theory of the complaint would have passed to the purchaser all the right, title and interest of Harper. Under the findings and decree as rendered, if any valuable right, title or interest is to be sold, it is that of Coleman. He was not a party to the suit, and the findings, of course, do not bind him nor his property.

Appellant, among his other contentions, urges that the court's finding that Coleman was married when he conveyed to Harper, and that Mrs. Coleman did not sign the deed, required a conclusion that Harper's attempted mortgage was a nullity. Appellee says there was no such issue, because the fact was not pleaded. This illustrates the impossibility of the present situation, and confirms our view that the reply must be. stricken. The facts found, if not conclusive, at least strongly point to a complete defense to the suit. They could not be pleaded. The occasion for pleading them arose only after the reply came in, and then it was too late. Even under the common law a departure was discountenanced. Under a system arbitrarily ending pleading at the reply, a departure is far-reaching in its consequences.

Appellee does not contend that the present decree is binding upon Coleman, but urges that this court has no concern in that matter. It has, it argues, a decree of sale, and should be allowed to sell Harper's interest, whatever it may be.

This contention further confirms our view. Harper did not deny beneficial ownership. He tendered the issue that his right, title and interest in the property

was community estate. This issue has never been met. Appellee, of course, cannot be allowed to sell any possible interest of Harper until it has been adjudged that it is not community estate.

However we view this record, it seems impossible to sustain a foreclosure sale. We are satisfied that the fundamental error lay in permitting appellant to proceed to litigate on a theory inconsistent with its original pleading. Other serious questions are urged, but, as we do not expect them to arise on a new trial, we do not discuss them.

The judgment must be reversed, and the cause remanded, with direction to strike the reply and to allow such further proceedings as may be consistent herewith; and it is so ordered.

PARKER, C. J. and BICKLEY, J., concur.