[No. 3336.   Feb. 24, 1930.]

BORDER MORTGAGE CO. v. WOOD.

[286 Pac. 154.]

Mechem & Newell and Harris Richardson, all of Las Cruces, for appellant.

Knollenberg & Cameron, Nichols & Robinson, and Wade & Wade, all of El Paso, Tex., for appellee.

OPINION OF THE COURT

CATRON, J.

From a judgment foreclosing two mortgage liens and adjudicating mortgagors' title as against the adverse claims of another, appellant brings this case here for review.

The amended complaint charges in substance that C. R. Helm and his wife, Susie B. Helm, on October 5, 1922, made, executed, and delivered their promissory note in the sum of $300 to the Border Mortgage Company, and to secure the payment thereof executed and delivered a mortgage deed upon certain property situate in Dona Ana county, N. M.; thereafter C. R. Helm and his wife sold, conveyed, and transferred the said premises, so mortgaged, to Herman J. Hartley and Leota Hartley, his wife, the grantees, however, assuming and agreeing to pay the said

note of $300, thereby taking title subject to the mortgage lien; on May 3, 1923, Herman J. Hartley and his wife made, executed, and delivered to C. R. Helm their promissory note for $500, and to secure the payment thereof did execute and deliver a mortgage deed upon the same lands hereinabove referred to; on May 15, 1923, C. R. Helm and wife transferred and assigned the last mentioned note and mortgage to the Border Mortgage Company, and guaranteed the payment of said note; that Helen E. Wood holds out and asserts some lien, claim, or title to the land and real estate described, but that whatever claim, right, or title she may have is inferior, subordinate, and subject to plaintiff's said mortgages and the liens created thereby. The complaint further contains all other necessary allegations to a foreclosure proceeding.

The prayer seeks the following relief: Judgment on the promissory notes against the Hartleys and Helms; judgment that the lien, claim, or title of Helen E. Wood, if any, are inferior, subordinate, and subject to plaintiff's mortgages and liens created thereby; judgment of foreclosure against all defendants, including Helen E. Wood, and order of sale.

The defendant Helen E. Wood filed her answer to the amended complaint, wherein, after admitting some and denying other allegations, she affirmatively pleads in three alternative defenses that she is the owner in fee simple and in possession of certain real estate described in her answer. Although the land described in the answer cannot from anything in the record before us be identified as the same land described in the complaint, nevertheless counsel seem to have proceeded upon the assumption that they are the same. We shall therefore do likewise. The prayer in said answer seeks affirmative relief, and is as follows:

"Wherefore, this defendant prays for the judgment and decree of this Court that this defendant is the owner in fee simple of said tract, piece and parcel of said land in this answer described, and that said plaintiff has no lien thereon by, through or under said purported mortgages, or either of them, which are referred to in said amended complaint herein; and that the claims and rights of said plaintiff, if any it has, are subsequent and subservient

to the right, title and interest of this defendant in and to said property."

Plaintiff in its reply to the answer of Helen E. Wood denies the new matter therein contained, and pleads title in the Hartleys. The prayer of the reply is as follows:

"Wherefore, the premises considered, plaintiff prays that the title to the premises described in plaintiff's amended complaint be adjudicated and determined and quieted, and that same be determined and decreed to be in the said defendants, Herman Hartley and Leona Hartley, his wife, in fee simple title, subject only to the lien of the said Border Mortgage Company, and the defendant, Helen E. Wood, be enjoined from making any claim therein; and that the said lien of the Border Mortgage Company be foreclosed as prayed for in its amended complaint, and for such other orders and judgments as to the court may seem meet and just in the premises."

About two months after the filing of the answer of Helen E. Wood, the Hartleys filed what they designate as an answer to plaintiff's amended complaint, wherein, after alleging certain matters immaterial to this review, they allege that they have no specific knowledge of the truth or falsity of the matters and things set forth by the defendant and cross-complainant, Helen E. Wood, in her answer and cross-complaint, but that, if it shall be found that the defendant and cross-complainant, Helen E. Wood, is the owner of the premises, and was such at the time of the mortgage transactions, then and in that event the said promissory notes and mortgages were without consideration, and are of no binding force and effect and void as to the Hartleys. They pray that the cause may be held in abeyance until such time as the question of the title and ownership of the premises be determined and for other relief immaterial to this review. The Helms neither appeared nor filed any pleading, and the cause was dismissed as to them.

Upon the foregoing issues, the cause came on regularly for trial, and thereafter judgment was entered adjudicating that Helen E. Wood had no interest in the lands described in plaintiff's complaint as set forth in the judgment, and that Herman J. Hartley and Leota Hartley, his wife, were the owners in fee thereof, subject only to the liens of plaintiff. The remainder of the judgment is in form the ordinary foreclosure judgment.

Appellant contends that the amended complaint seeks to foreclose two mortgages on the same tract of land as against the Hartleys and quiet title as against Helen E. Wood as to the land described in said mortgages; that the complaint does not state a cause of action to quiet title as required by our statutes; that the complaint and reply, taken together, do not state a cause of action to quiet title in conformity with our statutes; that the reply instills into the case a new issue, title of the Hartleys; that the judgment in effect quiets the title of the Hartleys as against Helen E. Wood; that therefore a judgment was rendered which is either not responsive to said pleadings, or, being responsive to the reply, is error because of departure in pleading.

Assuming the correctness of appellant's interpretation of the purpose and object of the complaint and the insufficiency thereof as a suit to quiet title, we nevertheless find that Helen E. Wood filed her answer wherein she claims to be the owner in fee simple of the premises, and tenders the issue of title as a matter to be adjudicated in this suit, and seeks affirmative relief thereon.

The issue so tendered was accepted by the plaintiff and the Hartleys. The plaintiff in its reply denied the allegations of title in Helen E. Wood, and pleaded title in the Hartleys, and asked that the question of title be adjudicated. The Hartleys denied any knowledge or information as to the truth of the claims of Helen E. Wood, and seek relief as against the promissory notes and mortgages in event the title of Helen E. Wood be established, and pray that the foreclosure proceeding abate until the question of title be adjudicated.

Further light may be thrown upon the pleadings by the decision of this court in the case of Franklin v. Harper, 32 N. M. 108, 112, 113, 252 P. 170, where we held that in a foreclosure proceeding it is unnecessary to allege title in the mortgagor as it is to be implied.

We thus find, regardless of the sufficiency of the complaint as a suit to quiet title, that Helen E. Wood did tender the question of title to the premises as an issue to

be determined in the cause and that all parties accepted such issue and joined therein; that the trial court so construed the issues and rendered judgment responsive thereto, which, although not specifically quieting the title of the Hartleys as against Helen E. Wood, did in effect so do.

None of the questions here sought to be raised were in any manner presented to or called to the attention of the trial court, nor were any objections made to the decree. The questions are, for the first time, presented here.

Appellant cannot assert the superiority of her title to the premises as an issue in the case, and, after joinder of issues thereon, speculate upon the result, and, when adverse to her, object to a decree responsive to said issues. Error, if any, was invited by appellant. She cannot here change the entire theory of the case.

We feel that what we have said fully answers all of appellant's contentions.

Finding no error, judgment of the lower court must be affirmed, and cause remanded, and it is so ordered.

WATSON and SIMMS, JJ., concur.

BICKLEY, C. J., and PARKER, J., did not participate.